IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

| | | |
|---|---|---|
| LEE ANNE DEAL & BRUCE DEAL, individually, & LEE ANNE DEAL, as Administrator of the ESTATE OF MADISON BAILEE DEAL, deceased, | * * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Docket No. _17C590_ |
| CORECIVIC OF TENNESSEE, LLC, formerly known as CCA of Tennessee, LLC, CORECIVIC, INC. formerly known as Corrections Corporation of America, Inc., HAMILTON COUNTY, TENNESSEE, CORRECT CARE SOLUTIONS, LLC, AMBER ROY, ELIZA MALL, NEVA HUSKEY, PARVEEN GILL, JASON KIRTON, (FNU) MILES, (FNU) VAN HOOSER, JOHN DOE & JANE DOE, individually and as unknown male and female agents, staff, guards, nurses and/or doctors employed at CCA Silverdale or other entity, JOHN DOE CORPORATIONS & LLC's as unknown employers or contractors of any John Does or Jane Does, | * * * * * * * * * * * * * * * * | **JURY DEMAND** |
| Defendants. | * | |



## COMPLAINT

**COME NOW,** the Plaintiffs, Lee Anne Deal & Bruce Deal, individually and as the biological parents of Madison Bailee Deal, and Lee Anne Deal, as the Administrator of the Estate of Madison Bailee Deal, decedent, (hereinafter collectively referred to as "Plaintiff" or "Plaintiffs" and Madison Bailee Deal herein referred to as "Madison", "Madison Deal" or "Decedent"), by and through their counsel of record, Tom O'Neal and Bryan Hoss, who hereby file this Complaint for damages against multiple Defendants.

1

The Defendants include CoreCivic of Tennessee, LLC formerly known as CCA of Tennessee, LLC (hereinafter referred to as "CCA"), CoreCivic, Inc. formerly known as Corrections Corporation of America, Inc. (hereinafter referred to as "CCA")[1], Hamilton County, Tennessee (hereinafter referred to as "Hamilton County"), Correct Care Solutions, LLC (hereinafter referred to as "CCS") and the following Individual Defendants, both individually and as agents of CCA, Hamilton County, and CCS at the time of Madison Deal's detention and death on August 18, 2016 which include but are not limited to the following: LPN Amber Roy, NP Eliza Mall, LPN Neva Huskey, LPN Parveen Gill, LPN Jason Kirton, (FNU) Miles, (FNU) Van Hooser, John and Jane Doe, as unknown male and female agents, staff, guards, nurses and/or doctors of CCA Silverdale or another entity charged with Madison Deal's medical care, treatment and safety at the time of her detention in August 2016 and John Doe Corporations and/or LLC's who employ the unknown male and female agents, staff, guards, nurses and/or doctors who were charged with Madison Deal's medical care, treatment and safety at the time of her detention in August 2016.

## PRELIMINARY STATEMENT

Plaintiffs bring this lawsuit following the death of their daughter, Madison Bailee Deal, a 26-year-old citizen of Hamilton County, Tennessee who died while in the care, custody and control of these Defendants on August 18, 2016 at the CCA Silverdale facility located in Hamilton County, Tennessee.

The Plaintiffs' claims under 42 U.S.C. § 1983, the United States Constitution and the Tennessee Constitution (Counts I and II) arise out of the Defendants' failure to provide proper medical treatment to Madison Bailee Deal in August of 2016. Madison Deal was suffering from obvious and serious medical conditions known to all Defendants and to the lay persons charged

---

[1] "CCA" refers to both CoreCivic of Tennessee LLC and CoreCivic, Inc.

with her care. This failure by the Defendants resulted in serious physical and emotional injuries, pain, suffering and the death of the Decedent and deprived the Decedent of her clearly established rights guaranteed under the United States and Tennessee Constitutions and under the laws of the United States and State of Tennessee.

Plaintiffs file this Complaint both individually, as the biological parents of Madison Deal, and as Administrator for the Estate of Madison Deal in accordance with Tennessee Code Annotated § 20-5-106, Tennessee's wrongful death survival statute (Count VII). Defendants violated the Madison Deal's rights under the First, Eighth and Fourteenth Amendments of the United States Constitution (Counts I and II) and violated T.C.A. §§ 41-21-201 and 204 (Count III—Negligence *per se*) when they knowingly and with deliberate indifference to her constitutional rights denied her reasonable medical treatment for serious and obvious medical conditions, which were actually and constructively known by them as well as lay witnesses, thereby causing her extensive physical and emotional pain, suffering and death. All Defendants acted under color of state law and proximately caused the deprivation of Decedent's federally protected and state law rights. Further, such violations of Tennessee law constitute negligence *per se*.

Defendants are also guilty of state law claims including intentional infliction of emotional distress, negligence, negligent infliction of emotional distress (Counts IV through VI) and should be subjected to punitive damages (Count VIII) for their intentional, wanton, malicious and reckless conduct.

Lastly, Plaintiffs, as parents of Madison Deal, bring this cause of action for filial consortium damages individually (Count IX) for the loss of their daughter, Madison Deal.

Plaintiffs seek all damages allowable under the law including attorney fees and costs in this action pursuant to 18 U.S.C. § 1988.

3

## PARTIES, JURISDICTION & VENUE

1.    Plaintiff Lee Anne Deal is a citizen and resident of Chattanooga, Hamilton County, Tennessee. She is the biological mother of Madison Bailee Deal. She is also the Administrator of the Estate of Madison Deal, Deceased, Hamilton County Chancery Court, Docket No. 16-P-577, filed on August 23, 2016.

2.    Plaintiff Bruce Deal is a Tennessee citizen and resident. He is the biological father of Madison Bailee Deal.

3.    Plaintiff Decedent Madison Bailee Deal, 26, was, at the time of the actions and omissions which form the basis of this complaint, being held on a no-bond imposed by Hamilton County, Tennessee for not completing public work days. Madison Deal turned herself in to the Hamilton County Jail on Wednesday, August 10, 2016. She was transferred to CCA Silverdale on or about Thursday, August 11, 2016. At all material times, Madison Deal was in the care, custody and control of the Defendants while she was incarcerated at CCA Silverdale, otherwise known as the Silverdale Detention Facility, located at 7609 Standifer Gap Road, Chattanooga, Tennessee 37421. Upon information and belief, at that time, Hamilton County and/or the CCA Defendants contracted with Correct Care Solutions, LLC ("CCS") to provide medical care to inmates at CCA Silverdale which included hiring, training, managing and supervising certain Doctors, Nurse Practitioners (NPs), and Licensed Practical Nurses (LPNs) to provide medical care and treatment to the inmates at CCA. Hamilton County, the CCA Defendants, CCS and the individuals named as Defendants all had a duty to properly care for, treat, diagnose, and provide adequate medical care and treatment to Madison Deal during her detention.

4.    Madison Bailee Deal died on Thursday, August 18, 2016 in Hamilton County, Tennessee at Erlanger Hospital and was at the time of her death, in the care, custody and control of the Defendants including but not limited to the CCA Defendants, CCS, Hamilton County,

4

Tennessee and the individual named Defendants. Should Plaintiffs learn of other John and Jane Doe Defendants or John Doe Corporations and/or LLC's who also were responsible for her medical care, custody, control, Plaintiffs reserve the right to amend this complaint to bring in such additional John Doe Defendants.

5. Defendant CoreCivic of Tennessee, LLC, formerly known as CCA of Tennessee, LLC, and CoreCivic, Inc., formerly known as Corrections Corporation of America, Inc., are business entities which own, operate and manage the CCA Silverdale Detention Center located in Hamilton County, Tennessee. Both entities are located at 10 Burton Hills Boulevard, Nashville, Davidson County, Tennessee 37215. Both entities' registered agent for service of process is CT Corporation System, 800 Gay St., Ste. 20, Knoxville, Tennessee 37929. Both Defendants are referenced in this Complaint as "CCA". As part of CCA's business, CCA owns and/or operates jails, prisons and other correctional facilities throughout the United States, under contract with various governmental entities. At all times relevant to this action, CCA conducted business with Hamilton County, Tennessee, when operating the Silverdale Detention Facility. CCA operates the Silverdale Detention Facility with the full authority and consent of Hamilton County, Tennessee and the government of the State of Tennessee, pursuant to Tenn. Code Ann. § 41-24-101, *et seq.*, and/or Tenn. Code Ann. § 41-8-101, *et seq.*, and therefore acts under color of state law. CCA is the entity charged by the laws of the State of Tennessee with authority to maintain the Silverdale Detention Facility and has a non-delegable duty to ensure that the conditions of confinement and health and safety of persons incarcerated at Silverdale, including the Decedent, are protected and in compliance with the United States Constitution, the Tennessee Constitution, the laws of the United States and the State of Tennessee. CCA is responsible for the implementation of policies, procedures, practices and customs, as well as the acts and omissions, challenged by this suit. CCA

5

is also responsible for ensuring that its facilities, including Silverdale Detention Facility, are in compliance with the United States and Tennessee Constitutions and laws of the United States and the State of Tennessee.

6.     At all pertinent times mentioned herein, CCA was a state actor in Tennessee and performing the state governmental function of operating a prison in Tennessee, and had a non-delegable duty to ensure the proper and safe operation of Silverdale Detention Facility.  In its operation of the Silverdale Detention Facility, Defendant CCA utilizes employees, agents or contractors who perform services, including professional medical services, under color of state law and within the course and scope of their employment, agency, apparent authority or contract with CCA. CCA is liable for their own conduct and the acts and omissions of their servants, employees, agents and contractors by virtue of the fact that they acted in conformity with the policies, practices and customs of CCA and pursuant to the doctrines of agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondeat superior, vicarious liability, contract and as a result of CCA's non-delegable duty to ensure the health and safety of the persons held in custody at Silverdale.

7.     Defendant Hamilton County, Tennessee, is the governmental entity ultimately responsible for the care, custody, health and well-being of the Decedent while she was a prisoner at CCA Silverdale and at all times relevant to this complaint.  Hamilton County is liable for its own conduct and the acts and omissions of its servants, employees, agents and contractors by virtue of the fact that they acted in conformity with the policies, practices and customs of Hamilton County and pursuant to the doctrines of agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondeat superior, and vicarious liability.  Further, Hamilton County, Tennessee, which contracts with CCA to operate the

6

Silverdale Detention Facility, had non-delegable constitutional duties to ensure that Decedent received adequate medical care and that its designated contractor, Defendant CCA and its agents, employees and subcontractors, provided constitutionally adequate medical care to Decedent.

8.     Defendant Correct Care Solutions, LLC, also referred to as "CCS" is a business operating in the State of Tennessee and Hamilton County.  Upon information and belief, CCS hires, manages, trains and employs various nurses and/or doctors who provide medical care to inmates at CCA Silverdale.  Upon information and belief, CCS employed several of the named individual defendants in this case including Amber Roy, Eliza Mall, Neva Huskey, Parveen Gill, and/or Jason Kirton.  Like the CCA Defendants, CCS has a constitutional duty and is responsible for the care, custody, health and well-being of the Decedent while she was a prisoner at CCA Silverdale and at all times relevant to this complaint.  CCS is liable for its own conduct and the acts and omissions of its servants, employees, agents and contractors by virtue of the fact that they acted in conformity with the policies, practices and customs of CCS and CCA and pursuant to the doctrines of agency, apparent agency, implied agency, employer/employee relations, joint and several liability, respondeat superior, and vicarious liability.  Further, CCS which contracts with CCA to provide medical care to inmates at the Silverdale Detention Facility, had non-delegable constitutional duties to ensure that Decedent received adequate medical care and that their employees, agents and/or contractors provided constitutionally adequate medical care to Decedent.  CCS' principal office is located at 1283 Murfreesboro Pike, Suite 500, Nashville, Tennessee 37217.  Their registered agent for service of process is Corporate Creations Network Inc., 205 Powell Place, Brentwood, Tennessee 37027-7522.

9.     Defendant Amber Roy was, at all material times, an agent of Hamilton County, CCA and CCS as an LPN at CCA's Silverdale Detention Facility.  She was personally responsible

7

for Decedent's care, custody, health and wellbeing. At all material times, Amber Roy acted under color of state law in the course and scope of her agency and/or employment with CCS and CCA.

10.     Defendant Eliza Mall was, at all material times, an agent of Hamilton County, CCS and CCA as a nurse practitioner of CCA's Silverdale Detention Facility. She was personally responsible for Decedent's care, custody, health and wellbeing. At all material times, Eliza Mall acted under color of state law in the course and scope of her agency and/or employment with CCS and CCA.

11.     Defendant Neva Huskey was, at all material times, an agent of Hamilton County, CCS and CCA as an LPN of CCA's Silverdale Detention Facility. She was personally responsible for Decedent's care, custody, health and wellbeing. At all material times, Neva Huskey acted under color of state law in the course and scope of her agency and/or employment with CCS and CCA.

12.     Defendant Parveen Gill was, at all material times, an agent of Hamilton County, CCS and CCA as an LPN of CCA's Silverdale Detention Facility. She was personally responsible for Decedent's care, custody, health and wellbeing. At all material times, Parveen Gill acted under color of state law in the course and scope of her agency and/or employment with CCS and CCA.

13.     Defendant Jason Kirton was, at all material times, an agent of Hamilton County, CCS and CCA as an LPN of CCA's Silverdale Detention Facility. He was personally responsible for Decedent's care, custody, health and wellbeing. At all material times, Jason Kirton acted under color of state law in the course and scope of his agency and/or employment with CCS and CCA.

14.     Defendant FNU ("First Name Unknown") Miles was, at all material times, employed by CCA as guard of CCA's Silverdale Detention Facility. She was personally responsible for Decedent's care, custody, health and wellbeing. At all material times, FNU Miles acted under color of state law in the course and scope of her agency and/or employment with CCA.

8

15. Defendant FNU ("First Name Unknown") Van Hooser was, at all material times, employed by CCA as a supervisor of CCA's Silverdale Detention Facility. She was personally responsible for Decedent's care, custody, health and wellbeing. At all material times, FNU Van Hooser acted under color of state law and in the course and scope of her agency and/or emplyment with CCA.

16. At all material times, the Decedent, Madison Bailee Deal, was a prisoner in the custody of these Defendants while in the jurisdiction of Hamilton County, Tennessee for the events giving rise to this cause of action.

17. The incident which gives rise to this cause of action occurred within Hamilton County, Tennessee and within one year of the filing of this Complaint. This Court accordingly has jurisdiction and venue.

## FACTS

18. Plaintiff hereby incorporates, in their entirety, paragraphs 1-17 as contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

19. On Wednesday, August 10, 2016, Madison Bailee Deal (DOB:5/31/1990) was 26 years old and a citizen of Hamilton County, Tennessee. She voluntarily turned herself in to the Hamilton County Jail on an outstanding warrant for a probation violation. Madison Deal had failed to timely complete three (3) public work days. She knew, when she turned herself in to the Jail, that she would remain in custody until her court date.

20. At the time, Madison Deal was in good health. She was not sick. She did not have any previous diagnosis, complaint or sickness.

21. In or around August, 2016, Madison Deal was also a heroin user and had attempted in the past to stop using the drug.

9

22.     Madison Deal presented to the Hamilton County Jail without any contraband, was searched, and remained in custody of Hamilton County, Tennessee for some period of time. Hamilton County officials at the jail did not notice, diagnose or treat her for any type of medical condition.

23.     On Thursday, August 11, 2016, CCA employees and/or Hamilton County Sheriff's deputies transported Madison Deal to CCA Silverdale. At the time, CCA Silverdale was operated by the Defendants, CoreCivic of Tennessee LLC formerly known as CCA of Tennessee, LLC and/or CoreCivic, Inc. formerly known as Corrections Corporation of America, Inc. Further, at that time, Hamilton County had contracted with these CCA Defendants to provide certain jail services to inmates of Hamilton County, Tennessee which included providing those inmates with adequate medical treatment.

24.     By Thursday, August 11, 2016, Madison Deal began feeling sick. She was suffering from heroin withdrawals. She complained to other inmates and told them that she had nausea and cold chills.

25.     Upon her arrival at CCA Silverdale, Silverdale put Madison Deal in the Receiving and Discharge Unit (R & D) cell. She was waiting to be assigned to a pod.

26.     Madison Deal was held in the R & D cell for over 18 hours with 6 or 7 other women. They were given 2-3 mats to rest on. There is one toilet. While being held in R &D, Madison Deal made several recorded calls to her mother, Lee Ann Deal. In one call, she tells her mother, "I feel like s**t. I don't want to think about it."

27.     By Friday morning, August 12, 2016, Madison started vomiting. She was cold and shivering. She couldn't get warm. While in R & D, Madison tried leaning up against the window of the cell where the sunlight entered to get warm. She vomited while waiting to be processed by

10

CCA and/or CCS nurses and/or staff. Inmates encouraged her to tell CCA/CCS staff that she was suffering from withdrawal and was throwing up. Upon information and belief, she advised CCA/CCS staff that she was sick.

28. In another recorded telephone call with her mother, Madison Deal says that it was a "bad mistake to even come here. I should've just ran to the hills...At least I'm in a room with the sun."

29. Friends of Madison Deal had tried to come and see her while at Silverdale. They were denied access and not allowed to put money into her inmate account because Silverdale claimed that she had not been booked, even though she had been in their custody for over 18 hours.

30. On Friday, August 12, 2016, at approximately 11:45 a.m., a CCA/CCS nurse examined Madison Deal. The initial intake record fails to reveal any significant medical problem, however, inmates with Madison Deal report that she was sick and suffering from nausea, vomiting and cold chills at the time. Madison Deal told those inmates that she reported to the CCA nurse that she was detoxing. She further told those inmates that the CCA nurse told Madison that "we don't detox people here. It's not something we do."

31. On Friday, August 12, 2016, Madison Deal calls her mother again on a recorded line. She tells her mother that, "they mistreated the hell out of us last night."

32. By early afternoon on Friday, August 12, 2016, CCA transferred Madison to the A-3 pod. She was finally given clothes to wear.

33. An average pod at CCA Silverdale contains approximately 50 women. There are four (4) pods which contain bunk beds. One (1) guard is assigned to all four (4) pods to oversee approximately 200 women. That single guard is stationed in the middle of the four (4) pods so

11

that inmates can knock on the window and have eye contact with the guard. On some occasions, inmates are removed from their pod and can have contact with inmates in other pods.

34. At approximately 8:09 p.m. on Friday, August 12, 2016, Madison Deal was attacked by at least three (3) other inmates. The inmates believed that Madison had tobacco. They attacked her and started a fight. Multiple inmates in A-3 witnessed various parts of this altercation. Madison suffered abrasions, scratches, and some head injuries. Inmate witnesses to the altercation reported to Silverdale guards that one of the inmates kicked Madison Deal in the head. Madison reported the assault to CCA.

35. At 12:11 a.m., approximately four (4) hours after the assault took place, CCA LPN Mary Martin looked at Deal and did a brief two (2) minute examination. She complained of abrasions and scratches to her left arm, head pain on both sides of her head and LPN Martin reported a protrusion at or around her right temple. LPN Martin cleared Madison to return to housing at 12:13 a.m.

36. Throughout Friday evening and into Saturday, August 13, 2016, Madison Deal became increasingly sick. Her vomiting worsened. Her skin began changing color. She lost her appetite. She couldn't eat. She became increasingly weak.

37. Madison Deal along with other inmates complained to CCA guards and CCS nurses about Madison Deal's medical condition as her condition deteriorated. Even with her previous head injury and her continued complaints of vomiting, Silverdale staff, guards and nurses refused to treat her serious medical conditions and ignored both her pleas and the other inmates' pleas for help.

38. On Saturday, August 13, 2016, at least a dozen inmates complained specifically to the CCA guards and nurses that Madison was very sick and needed immediate medical attention,

12

yet their pleas were ignored. At least one inmate wrote out a medical call request form for Silverdale staff, guards and nurses to help Madison and to treat her medical condition.

39. At approximately 4:34 p.m. on Saturday, August 13, 2016, Defendant LPN Neva Huskey saw Madison Deal. Two (2) medical records were generated from this visit. The first record is time stamped at 4:34 p.m. and is called "Progress Note." LPN Huskey reports in that Progress Note that inmate Deal is "withdrawing from Heroin, stated i have been vomiting, and i can't eat, i just need something for vomiting." LPN Huskey reportedly called Defendant NP Eliza Mall who ordered "Phenergan, 25 mg Im now and x5 days." The second medical record is five (5) pages in length and is time stamped at 4:28:50 p.m. on the same date, August 13, 2016. It is signed by LPN Neva Huskey. While the form is time-stamped and filled out with Madison Deal's background information, the form lists over 25 questions about Madison Deal's health, nurses' observations, drug history, medical complaints, symptoms, whether she is in any pain, her current complaints, etc.; not one single question is answered in this medical record.

40. According to the records, at 11:03 p.m. on Saturday, August 13, 2016, approximately seven (7) hours after Defendant RN Eliza Mall ordered Phenergan for Madison Deal, LPN Mary Martin finally administered the first 25 mg injection to the Decedent. It is unclear whether this injection of Phenergan was ever given to Madison Deal.

41. Throughout the day on Saturday and into Sunday, August 14, 2016, Madison Deal's condition continued to deteriorate. According to the records, Madison Deal received two (2) more Phenergan injections at 10:05 a.m. and 8:53 p.m. on Sunday, August 14, 2016 by Defendants LPN Neva Huskey and LPN Parveen Gill.

42. In a recorded phone call between Madison Deal and Lee Anne Deal, which upon information and belief occurred on Sunday, August 14, 2016, Lee Anne Deal advises her daughter

13

that she spoke to the nurse who said that she saw Madison earlier this morning (Sunday) and gave her some medicine. Madison replied, "no, she didn't give me anything." Madison reported that her fingers were cramping and locking up and that they [her fingers] had "been doing it all d**n day." According to Lee Anne Deal in the recorded call, the nurse she spoke with advised that she was going to "talk to the doctor." However, there are no medical records to suggest that any nurse ever consulted with any physician during Madison Deal's stay at CCA Silverdale. Further, Lee Anne Deal told her daughter that she was going to come out to CCA Silverdale and "beg and plead and get you to a hospital." She said that she believed her daughter needed saline and an IV. She encouraged her daughter to talk with a supervisor, but Madison advised that they were serving lunch and were not available. In the telephone call, Lee Anne Deal believed that her daughter's electrolytes and potassium levels were deficient and told her daughter just that. Madison replied, "I can't stand up anymore. I have to go sit down. I love you. I'll call you back."

43. The alleged Phenergan shots did not work. Madison Deal continued to throw up throughout Saturday and Sunday. Inmates described it as black bile. She was vomiting uncontrollably. The smell within the pod of 50 women was horrible. It smelled like feces. At one point, Madison asked the CCA Defendant for pedialite because of her vomiting. Any inmate, any guard and any nurse who came close to the pod would have known and smelled just how sick Madison had become. In fact, upon information and belief, CCA staff and CCS nurses on at least one occasion responded to A-3 to assist another inmate who was suffering from a seizure. Those CCA staff and CCS nurses would have smelled Deal's vomit when they treated the other inmate.

44. Throughout Saturday, Sunday and into Monday, Madison was suffering from cold chills. She would take showers to try to get warm. Inmates witnessed her do this on dozens of

14

occasions and helped her try to cope with the cold chills by carrying her to the shower and helping her turn on the hot water.

45.     On Sunday, August 14, 2016, at approximately 7:25 p.m., Madison Deal spoke to her mother, Lee Anne Deal, on a recorded line, again. Lee Anne Deal had attempted to see her daughter at Silverdale that day. Lee Anne Deal was advised that the systems were down and she couldn't gain admittance. Madison Deal told her mom, "I'm so fu\*\*ing sick. I can't hold anything down…I can't even hold down Kool-aid. I don't know what the f\*\*\* to do. They've been giving me shots of Phenergan…No, it's not fu\*\*ing helping at all. It's not fu\*\*ing helping at all. I've been throwing up for six days straight. My blood sugar is about to bottom out. I can't even stand up…..Right now, I have to sit down to talk to you. What are they going to do? I'm waiting on the nurse, pill call, once in the morning and once at night. So, I have to wait for that." In the same conversation, Madison says, "I feel really, really bad." Her mother encourages her to eat some bread, and Madison responds, "I've tried everything. I can't." Her mother says, "we've got to get you out of there. We're not giving up Bailee."

46.     Guards at Silverdale noticed that Madison was so sick, she lacked the strength and energy to climb into the top bunk. CCA officials gave her what is commonly referred to as a "boat" because she was too weak to climb up into the top bunk bed.

47.     The color of Madison's skin had turned pale and gray. Her eyes started to sink in. She was losing valuable electrolytes, vitamins and nutrients because she kept throwing up. She was losing weight. Her condition was readily apparent to CCA and CCS staff. One inmate said she looked like a zombie.

15

48. Many inmates housed with Madison Deal have opined that Madison Deal was one of the sickest people they had ever seen. Upon information and belief, other Silverdale guards and staff have reported that she was also one of the sickest people they had ever seen.

49. Despite RN Mall's order of Phenergan for five (5) consecutive days, Silverdale did not administer any Phenergan to Madison Deal on Monday, August 15, 2016.

50. On Monday, August 15, 2016, Madison again spoke to her mother, Lee Anne Deal, on a recorded phone call. Madison reported that she felt "terrible...I'm a lot worse actually. I was wondering if you can call the lawyer and get an early discharge so I can go to the hospital? Because they're not doing s**t for me here." Her mother asked, "Are they not helping you?" She replied, "No. My chest is hurting. I'm dehydrated. I can't walk. My kidneys are f***ed up. I can't breathe because my chest is inflamed." Lee Anne Deal told her daughter she had a call into administration, the supervisor and the medical team. She told her daughter, "they need to take you to the hospital. That's what I'm saying. That's what I'm saying." Madison responded, "It's really f***ing bad. Really bad. I don't know what to do...I can't lay down because my arm is so fucking tight....I told them that my chest was tight and they said my blood pressure is fine." Her mother encouraged her to find a unit supervisor and to try to drink something. Madison reported that she couldn't urinate and every time she tried, "it was like orange...a couple of drops." Finally, Madison said, "I need to go to the f***ing hospital and no one is listening to me here."

51. Again, Madison Deal's condition deteriorated throughout Monday, August 15. She was not eating any food. She was throwing up dark black bile. She began having trouble breathing. Many inmates housed in pod A-3 saw her struggling to breathe on Monday, August 15. Madison couldn't walk. One nurse at Silverdale told an inmate that "if she can shoot up by herself, then she can walk by herself."

16

52.    Madison began complaining of kidney problems. Her urine had turned orange. Again, inmates throughout Monday, August 15, 2016, notified Silverdale staff, guards and nurses about her serious medical condition, yet the CCA Defendants ignored their pleas.

53.    Just after midnight, at approximately 12:51 a.m. on Tuesday, August 16, 2015, Defendant LPN Jason Kirton administered another 25 mg injection of Phenergan. LPN Kirton would have seen a young woman who was obviously suffering from a serious medical condition, yet he refused to call a doctor, call an ambulance or to send Madison Deal to the hospital.

54.    On Tuesday, August 16, 2016, CCA, CCS and Hamilton County Officials conducted an inspection of A-3. They included CCA guards including Defendants Guards (FNU) Miles and (FNU) Van Hooser, agents and/or employees of CCS and Hamilton County officials and/or employees assigned to monitor and supervise Silverdale. During the inspection, the Defendants entered pod A-3, forced the inmates to stand, walked past each inmate and inspected them. Anyone including Defendants Miles and Van Hooser who would have inspected Inmate Madison Deal would have immediately seen that she was in need of immediate medical help and suffered from a serious medical condition. Yet, those officials never called a doctor, never called an ambulance, and never called a nurse.

55.    By Tuesday morning, the color in Madison Deal's face turned from pale and gray to blue. She had dark circles under her eyes. She could barely stand. She was still struggling to breathe and told other inmates that she felt "like I was dying." She told the inmates that she had reported to the Silverdale staff and nurses how she was feeling and that she needed to go to the hospital. She said, "they will not take me to the hospital. All they did was give me a shot."

56.    As early as Saturday and extending into Tuesday, many inmates attempted to help Madison Deal by giving her food, trying to get the guards attention, helping her with her shower,

17

checking on her, and asking for Silverdale to help. These inmates tried to get the nurses attention and ask for help, but Silverdale guards and nurses and staff ignored their pleas for their friend and ignored Madison's very obvious, serious and deteriorating medical condition.

57.     On Tuesday, August 16, 2016, after the Inspection in A-3, many of the inmates were waiting in line for pill call at approximately 10:15 a.m. The inmates reported to both Defendant Guard Miles and LPN Amber Roy that Madison was so sick that she couldn't even walk to the pill line. The inmates told Miles and Roy that Madison "was turning blue." Defendant Miles told the inmates, "tell her to bring her ass out here." Defendant LPN Roy laughed at this statement. Two (2) inmates literally carried Madison Deal out of A-3 and to the pill line that morning. Madison Deal was too weak to get out there by herself and the guards and nurses refused to help. At that time, Madison was struggling to breathe, her color was blue and Defendant LPN Roy never even checked her pulse, her heartbeat or did any meaningful type of examination. Defendant LPN Roy administered a shot of Phenergan at 10:15 a.m. and sent Madison back to A-3.

58.     Defendant LPN Amber Roy wrote a narrative explaining the events of this 10:15 a.m. visit. She stated that Inmate Deal "came to morning pill asked to receive her prn IM Phenergan. Stated that she was feeling better and wanted to try to eat lunch. IM (inmate) received Phenergan and returned to her dorm to wait on lunch no further complaints or distress." These records are false. Madison Deal was in distress and it was obvious to any lay person that she was suffering from a serious medical condition which warranted immediate medical treatment and to be taken to a hospital. Inmates who witnessed this encounter during this pill call visit stated that Madison had to be carried to this visit. They described her as blue in color and that she couldn't breathe.

18

59. A short time later, Madison Deal collapsed in the bathroom of the A-3 Pod at CCA Silverdale. Several inmates witnessed her collapse in the bathroom stall. The inmates held Madison while black bile came out of her mouth and nose. They report that Madison couldn't breathe and was struggling for air. Inmates estimate that it took the Silverdale staff at least 10 minutes to respond.

60. Defendant LPN Amber Roy noted in her report that emergency personnel were called at 11:12 a.m. She further noted that when EMS arrived, Defendant NP Mall was already present and that Madison had "green fluid coming out of her mouth and nose." Defendant LPN Roy further reports that "NP Mall stated that we needed to send her out via 911." Defendant LPN Roy reported that 911 was called at 11:17 a.m. She reported that Madison Deal was placed on a stretcher and taken to R & D. She reported that her pupils were fixed and dilated. She further reported that "upon EMS arrival, IM (inmate) respirations became shallow ventilations."

61. LPN Roy's medical narrative described above is electronically signed at 2:57:38 p.m., some three and one-half (3 1/2) hours after Deal collapsed. Further, Defendant NP Mall's electronic record is signed at 11:33 a.m., 11:34 a.m., 12:18 p.m., and 2:53 p.m. on that same day. There were apparently four (4) different times that NP Mall accessed this electronic record and made additions and/or changes to this record. The fact that both Defendants, LPN Roy and NP Mall, signed this record at 2:57 p.m. and 2:53 p.m., within four (4) minutes of each other on the same day, suggests that the two colluded in and created a false and fictitious medical record for this particular event.

62. Inmates described a very different set of circumstances. First, inmates will testify that it took Silverdale guards and staff at least 10 minutes to arrive. The inmates will testify that once they arrived, the inmates who were holding and caring for Madison Deal continued to hold

19

her and care for her. Silverdale refused to render CPR, first aid or to provide her with any breathing treatments. Inmates described Madison as gasping for air.

63.     Further, other inmates who were present in R & D during this time witnessed Silverdale guards, nurses and staff bring Madison Deal into R & D. One inmate in particular witnessed Madison Deal in the R & D area laying on a stretcher. Not one single guard or nurse from CCA Silverdale was administering oxygen or first aid to Madison Deal. This particular inmate started screaming at them to help her, to no avail. LPN Roy's medical record states that oxygen was administered at 11:20 a.m. which would have been 8 minutes after emergency personnel were called. Inmates in both A-3 and in the R & D refute this report.

64.     Both Defendants LPN Roy and NP Mall reported that Madison had "unlabored breathing" which is also false. Both inmates inside A-3 and in the R & D will testify that not only was Madison struggling to breathe before she collapsed at pill call and during the inspection, but that after she collapsed, you could hear wheezing and she was extremely labored in her breathing.

65.     Further, evidence that the medical records are false are LPN Roy's indication that Madison Deal's lungs, both left and right, sounded "clear." Inmates from A-3 will testify that not one single Silverdale guard or nurse utilized any type of stethoscope or instrument to check Madison or render CPR or first aid to her. Further, at least one inmate from R & D will also testify that she saw Madison in the R & D for 10 to 15 minutes and was present when they brought her in and no nurse or staff member from CCA Silverdale gave her oxygen or attempted any CPR or first aid on her at any time.

66.     Multiple inmates will testify that Madison Deal asked the guards and nurses at Silverdale to help her for her serious medical condition at least 3 or 4 times a day beginning on at least Saturday (if not Friday) and thru Tuesday, August 16, 2016. Those inmates will further

20

testify that they themselves asked CCA guards, CCS nurses and Hamilton County staff to help Madison Deal on those very same days.

67. All of the Defendants had actual knowledge that Madison Deal was suffering from a serious medical condition before her collapse on Tuesday, August 16, 2016 yet, they ignored her serious medical condition and she died as a proximate result of their conduct.

68. Moreover, any lay person seeing Madison Deal would have known that she suffered from an obvious and serious medical condition which warranted a doctor's intervention and a trip to the hospital.

69. In addition to the foregoing actual knowledge by the Defendants of Madison Deal's serious medical condition, the Plaintiffs also aver that there exist at least 3, and possibly 4 cameras in the A-3 pod and additional cameras in R & D that were operating at the time of Madison Deal's incarceration and should have recorded these events.

70. On or about August 24, 2016, Plaintiffs' counsel sent to the CCA Defendants a preservation letter for those videos and other pertinent evidence such as telephone calls between Madison Deal and her family which occurred during this time. The Defendants have refused to provide these videos and copies of telephone calls to the family of Madison Deal even though their daughter died in the Defendants' custody and control.

71. After Madison Deal was taken out of the A-3 pod, there was green and black bile all over the floor. CCA Silverdale forced the inmates who had taken care of Madison Deal over these last several days to clean it up. CCA Silverdale refused to provide them with any type of cleaning supplies and several women in A-3 cleaned up the area using sanitary napkins.

21

72.     CCA Defendants and Hamilton County transported Madison Deal to Erlanger Hospital. At all material times, CCA guards remained in Madison's room as she was still in custody.

73.     Upon Madison Deal's arrival at Erlanger, physicians immediately drug tested her which failed to reveal the presence of any illicit drugs in her system. Further, there was no indication that she had taken any drugs or swallowed any drugs.

74.     Emergency room and hospital physicians took care of Madison Deal and tested her blood to determine her medical conditions. They will testify that the blood test results reveal that Madison Deal did not die due to any acute or immediate medical condition, but rather, her blood levels revealed a loss of essential vitamins, minerals and nutrients over an extended period of time. They will further testify that Madison's serious medical condition would have been obvious to any lay person or medical personnel for days leading up to her collapse.

75.     On Thursday, August 18, 2016, Madison Deal died while at Erlanger Hospital in Hamilton County, Tennessee.

76.     Hamilton County performed an autopsy of Madison Deal which revealed that she died from "aspiration pneumonia with a two-day survival." Again, no illicit drugs were found in her system during the autopsy.

77.     Following her death, inmates in A-3 erected a shower curtain over the bathroom stall where Madison Deal collapsed. Each of the approximately 50 inmates wrote on the curtain. They wanted to give it to Madison's mother. The inmates wrote, "Rest in Peace, Madison. Fly with Angels." Some of the inmates drew wings and roses on it. Before they could give it to her mother, Silverdale guards and staff took it down and kept it. That curtain contained the names of each and every inmate who witnessed Silverdale guards and nurses ignore Madison Deal's serious

22

medical condition which resulted in her death. Upon information and belief, the Defendants have destroyed this evidence.

78.     Further, after Madison Deal's death, Silverdale Guard Defendant Miles and other CCA Defendants spread false rumors that Madison Deal had intentionally swallowed a bag of heroin. Plaintiffs aver that this is false. Plaintiffs aver that the CCA Defendants and individual Defendants listed herein intentionally interfered with Madison Deal's medical treatment once she arrived at Erlanger by providing false information to Erlanger physicians.

79.     Plaintiffs aver that this is an action to recover damages against Defendants for intentional, wanton, malicious, reckless and negligent acts resulting in substantial harm and the untimely and wrongful death of Decedent, Madison Bailee Deal, and for violations of her state and federal constitutional rights while in the care and custody of Defendants, who were all acting under color of state law at all material times.

80.     CCA owns and operates jails, prisons and other correctional facilities for governmental entities throughout Tennessee and the United States. Prior to and during Madison Deal's incarceration, CCA had a custom and/or practice of failing to provide inmates with proper medical treatment, which was made known to CCA through previous claims and/or incidents where inmates were denied proper medical care while housed at CCA facilities, including Silverdale. Therefore, the treatment of Madison Deal by Defendant CCA is not an isolated incident and it is believed that other similar incidents have occurred and that CCA has a pattern, practice, custom, and policy as the motivating force behind the deprivation of constitutional rights and deliberate indifference to the serious medical needs of inmates, including Madison Deal, as evidenced by previous incidents.

23

81.     Despite these prior claims and incidents, CCA failed to ensure that inmates, such as the Decedent Madison Deal received proper care and treatment, as evidenced by the facts as set forth in this Complaint.

## COUNT I—FEDERAL CONSTITUTIONAL CLAIMS UNDER THE 1st, 8th and 14th AMENDMENT TO THE UNITED STATES CONSTITUTION AND PURSUANT TO 42 U.S.C. § 1983

82.     Plaintiffs hereby incorporate, in their entirety, paragraphs 1-81 as contained in this Complaint and by reference makes said Paragraphs a part hereof as if fully set forth herein.

83.     At all material times, CCA, CCS and Hamilton County and their employees, agents and contractors were performing a traditional governmental function in operating a correctional facility and were state actors. All the actions and omissions of CCA, CCS and Hamilton County and their employees, agents and contractors, as alleged herein, were performed under color of state law. Further, each of the individual Defendants were also acting under color of state law as state actors.

84.     At all material times, Decedent Madison Deal was an inmate in the custody of Defendants Hamilton County, CCS and CCA and the individual Defendants at the Silverdale Detention Facility. Defendant Hamilton County was responsible for Decedent's well-being as the contracting government agency responsible for overseeing and monitoring CCA and CCS's operation of Silverdale Detention Facility. Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser were also responsible for health, care, safety and well-being of Madison Deal in August, 2016. As Decedent was in the custody and control of Hamilton County, CCS, CCA, the individual Defendants listed herein and their agents and employees at all times relevant to this case, Decedent did not have the ability to obtain medical treatment on her own to provide for her own well-being. Therefore, each of the Defendants was under a constitutional and statutory duty

24

to provide Decedent with basic necessities of life which include, but are not limited to, food, shelter, and proper medical care.

85. Defendants' acts and omissions, as alleged more specifically herein, breached this constitutional duty and violated Decedent's clearly established rights under the First, Eighth, and/or Fourteenth Amendments to the United States Constitution, as the defendants were deliberately, consciously and intentionally indifferent and callous toward Decedent's obvious and serious medical needs.

86. Defendants' actions and omissions alleged herein were consciously, deliberately, and intentionally indifferent to the serious medical needs of Decedent. As a direct and proximate cause of this indifference, Plaintiffs, Lee Ann Deal and Bruce Deal, have suffered tremendous emotional trauma as a result of the untimely death of their daughter, Madison Deal. Decedent suffered serious physical trauma and pain and ultimately died as a direct and proximate result of Defendants' actions, inactions, and omissions. Plaintiffs bring this suit both for their own pain and suffering, their loss of consortium and on behalf of Decedent's pain and suffering and wrongful death.

87. During her incarceration, each of the Defendants were aware that Madison Deal complained of serious medical conditions including but not limited to extreme nausea, headaches, abdominal pain, kidney pain, vomiting, weakness, loss of appetite, lack of energy, cold chills, inability to walk and required medical treatment. Deal had been attacked by three (3) other inmates and was injured by them, including being kicked in the head by one of them, resulting in head pain. Despite Defendants' knowledge of Decedent's serious medical condition and head injury, Defendants deliberately and intentionally failed to provide Madison Deal with basic medical care and failed to attend to her needs.

25

88. Defendants had actual and constructive knowledge of her serious medical conditions because these Defendants (a) inspected her after her fight; (b) knew that she was continuously vomiting; (c) prescribed Phenergan injections for Deal for five (5) consecutive days; (d) provided her with a "boat" because she was too weak to climb into the top bunk; (e) had been told by Deal and other inmates about her conditions; (f) had been informed by Lee Ann Deal as that her condition had deteriorated; and (g) personally observed Deal's condition deteriorate. Defendants failed to follow their own orders, but were continually advised by Deal and other inmates, and even other CCA guards and staff that Deal had a serious and obvious medical need. Defendants, with deliberate indifference to Deal's serious medical needs, acted or failed to act in such a way as to deprive Decedent of necessary and adequate medical care, thereby endangering her and ultimately causing her death. Such acts and omissions of defendants violated the rights secured to her by the First, Eighth, and/or Fourteenth Amendments to the United States Constitution.

89. Defendants, with knowledge of Decedent's serious medical needs, had a constitutional duty under the Eighth and/or Fourteenth Amendments to the United States Constitution to provide needed medical care to Madison Deal at the Silverdale Detention Facility, in conformity with the standards for delivery of such medical care in the State of Tennessee.

90. Defendants, knowing of Decedent's serious medical needs and knowing also of the inadequacies and deficiencies in CCS and CCA's medical facilities, lack of training, lack of supervision, improper staffing and procedures at Silverdale Detention Facility, had a constitutional duty to establish and implement policies, practices, customs and procedures designed to assure that Decedent received medical care and treatment in conformity with the standards of delivery of such medical care and treatment in the State of Tennessee.

26

91.     Defendants, knowing of the Decedent's serious medical needs, and with deliberate indifference to the inadequacies and deficiencies in CCS and CCA's medical facilities, staffing and procedures at Silverdale Detention Facility, failed and neglected to establish and implement policies, practices and procedures designed to assure that Decedent received proper medical care and treatment.

92.     Defendants, knowing of the serious medical needs of Decedent, had a constitutional duty to instruct, supervise, and train their employees and agents to assure the delivery of medical care to Decedent consistent with the standards of medical care in the State of Tennessee, and have failed and neglected to establish and implement proper training, supervision and monitoring programs designed to assure that Decedent received proper medical care and treatment.

93.     Defendants CCS, CCA and Hamilton County are under a constitutional duty to ensure that their jails, prisons, and other correctional facilities, including Silverdale, are operated in a lawful manner, preserving to prisoners the rights, privileges and immunities guaranteed to them by the Constitution and laws of the United States of America and the State of Tennessee.

94.     Defendants permitted, encouraged, tolerated and/or knowingly acquiesced in an official pattern, policy, custom or practice of Defendants' employees, agents and contractors violating the constitutional rights of inmates, including Decedent. The actions or inactions of Defendants, and other agents, employees and contractors of Hamilton County, CCS and/or CCA complained of herein, were unjustified, unreasonable and unconstitutional, and constituted a violation of Decedent's clearly established rights, privileges and immunities guaranteed to her by the First, Eighth, and/or Fourteenth Amendments to the United States Constitution, which include, but are not limited to, the following:

a) freedom from cruel and unusual punishment;

27

b) freedom from deprivation of life and liberty without due process of law;

c) freedom from confinement without the provision for adequate medical care and treatment;

d) freedom from arbitrary government action which is so outrageous as to shock the conscience of a civilized society; and

e) freedom from intentional discrimination on the basis of physical and mental impairment.

95.    Defendants are directly liable for the violation of Decedent's civil rights due to the following policies, practices or customs of defendants which were in effect at the time of this incident and which were the underlying cause of Decedent's injuries, damages, and death:

a)    Defendants Hamilton County, CCS, CCA, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser failed adequately and properly to train and educate their employees, agents and contractors with respect to the proper care and treatment of inmates, responding to medical complaints of inmates, evaluating medical complaints of inmates, seeking emergency medical treatment for inmates, providing treatment for addicts who are sick, recognizing when a drug user requires additional treatment while suffering from withdrawal, all with deliberate and reckless disregard for the welfare of inmates, including Decedent;

b)    Defendants Hamilton County, CCS, CCA, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser failed adequately to monitor, supervise and evaluate the performance of their agents, employees and contractors with respect to the proper care and treatment of inmates, responding to medical complaints of inmates, evaluating medical complaints of inmates, seeking emergency medical treatment for inmates, with deliberate indifference and reckless disregard for the welfare of inmates, including Decedent;

28

c)      Defendants Hamilton County, CCS, CCA, Defendants, Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser failed properly to fund and staff Silverdale Detention Facility to ensure that an appropriate number of licensed, trained and qualified medical professionals are present to provide proper medical treatment to inmates, with deliberate indifference and reckless disregard to the welfare of inmates, including Decedent;

d)      Defendants Hamilton County, CCS, CCA, Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser have a policy, practice or custom of exonerating their employees, agents and/or contractors of wrongdoing and/or misconduct in order to escape liability, and thereby create an atmosphere where illegal and unconstitutional behavior is condoned, tolerated, and/or approved, with deliberate indifference and reckless disregard to the rights of inmates, including Decedent;

e)      Defendants Hamilton County, CCS, CCA and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser have established official policies and procedures and allowed customs that result in a delay of timely and needed medical care for inmates with serious medical needs when the need for such medical care conflicts with routine "counts" and security "codes" at Silverdale Detention Facility, with deliberate indifference and reckless disregard to inmates, including Decedent.

96.     In addition, CCS, the CCA Defendants and individual Defendants listed herein intentionally interfered with Deal's treatment once it had been prescribed by Erlanger physicians by providing false information and lying about the possible origin of her medical condition. Further, these same Defendants spread lies and misinformation to other inmates at Silverdale in order to suppress their belief that Silverdale deliberately disregarded Madison Deal's serious medical conditions.

29

97.     Alternatively, Defendants Hamilton County, CCS, CCA, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser are liable for the actions of their employees, agents and contractors by virtue of the fact that they ratified, condoned, and approved the conduct of Defendants and other employees, agents and contractors in this matter in all respects.

98.     Alternatively, Defendants Hamilton County, CCS, CCA, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser are liable for the actions of their employees, agents and contractors under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract, and as a result of their non-delegable duty to comply with the Constitution and the laws of the United States and the State of Tennessee.

99.     Defendants CCS, CCA, Hamilton County, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser have maintained and exhibited a pattern, practice, custom, and policy of deliberate indifference to the serious medical needs of inmates, which was the motivating force behind Decedent's deprivation of constitutional rights under the First, Eighth, and Fourteenth Amendments and, accordingly, Plaintiff is entitled to recover from Defendants on behalf of her deceased daughter, Madison Deal.

### COUNT II—TENNESSEE CONSTITUTIONAL CLAIMS UNDER ARTICLE 1, §§ 16 and 32

100.   Plaintiffs hereby incorporate, in their entirety, paragraphs 1-99 as contained in this Complaint and by reference make said paragraphs a part hereof as if fully set forth herein.

101.   Article I, §16, provides that no cruel or unusual punishment shall be inflicted and Article I, §32, of the Tennessee Constitution requires "the humane treatment of prisoners."

102.   While Plaintiffs have alleged in Count I that the conduct of Defendants violated Decedent's Federal Constitutional rights, Plaintiffs further allege that the same conduct violated

30

Decedent's rights under §§16 & 32 of the Tennessee Constitution and adopt and incorporate herein those same allegations and same standards.

103. At all material times, these Defendants, their employees, agents and contractors were performing a traditional governmental function in operating a correctional facility and were state actors. All the actions and omissions of the Defendants and their employees, agents and contractors, as alleged herein, were performed under color of state law.

104. The Tennessee Constitution, Article 1, §§ 16 & 32 mandates that Hamilton County, CCS, the CCA Defendants, and the individual Defendants named herein provide Madison Deal with the basic necessities of life which include, but are not limited to, food, shelter, and proper medical care while she was an inmate at Silverdale in August, 2016.

105. Defendants' acts and omissions, as alleged more specifically herein, breached this constitutional duty and violated Decedent's clearly established rights under §§ 16 & 32 of the Tennessee Constitution, as the Defendants were deliberately, consciously and intentionally indifferent and callous toward Decedent's obvious and serious medical needs.

106. Defendants' actions and omissions alleged herein were consciously, deliberately, and intentionally indifferent to the serious medical needs of Decedent. As a direct and proximate cause of this indifference, Plaintiffs have suffered tremendous emotional trauma as a result of the untimely death of their daughter, Decedent Madison Deal. Decedent suffered serious physical trauma and pain and ultimately died as a direct and proximate result of Defendants' actions, inactions, and omissions. Plaintiffs brings this suit both for their own pain and suffering, their loss of consortium and on behalf of Decedent's pain and suffering and wrongful death.

107. During her incarceration, Defendants were aware that Madison Deal complained of serious medical conditions which included but are not limited to extreme nausea, headaches,

31

abdominal pain, kidney pain, vomiting, weakness, loss of appetite, lack of energy, inability to walk, cold chills, and required medical treatment. Deal was attacked by three (3) other inmates and was injured by them, including being kicked in the head by one of them, resulting in head pain. Despite Defendants' knowledge of Decedent's serious medical condition, Defendants deliberately and intentionally failed to provide Madison Deal with basic medical care and failed to attend to her needs.

108. Each of the Defendants had actual and constructive knowledge of her serious medical conditions because Defendants (a) inspected her after her fight; (b) knew that she was continuously vomiting; (c) prescribed Phenergan injections for Deal for five (5) consecutive days; (d) provided her with a "boat" because she was too weak to climb into the top bunk; (e) had been told by Deal and other inmates about her conditions; (f) had been informed by Lee Ann Deal as that her condition had deteriorated; and (g) personally observed Deal's condition deteriorate. Defendants failed to follow their own orders, but were continually advised by Deal and other inmates, and even CCA guards that Deal had a serious and obvious medical need. Defendants with deliberate indifference to Deal's serious medical needs, acted or failed to act in such a way as to deprive Decedent of necessary and adequate medical care, thereby endangering her and ultimately causing her death. Such acts and omissions of defendants violated the rights secured to her by Article I, §§ 16 and 32 of the Tennessee Constitution.

109. Defendants, with knowledge of Decedent's serious medical needs, had a constitutional duty under Article 1, §§ 16 & 32 of the Tennessee Constitution to provide needed medical care to inmates at the Silverdale Detention Facility, including Decedent, in conformity with the standards for delivery of such medical care in the State of Tennessee.

32

110. Each of the Defendants, knowing of Decedent's serious medical needs and knowing also of the inadequacies and deficiencies in CCS and CCA's medical facilities, staffing and procedures at Silverdale Detention Facility, had a constitutional duty to establish and implement policies, practices, customs and procedures designed to assure that Decedent received medical care and treatment in conformity with the standards of delivery of such medical care and treatment in the State of Tennessee.

111. Defendants, knowing of the Decedent's serious medical needs, and with deliberate indifference to the inadequacies and deficiencies in CCS and CCA's medical facilities, staffing and procedures at Silverdale Detention Facility, failed and neglected to establish and implement policies, practices and procedures designed to assure that Decedent received proper medical care and treatment.

112. Defendants, knowing of the serious medical needs of Decedent, had a constitutional duty to instruct, supervise, and train their employees and agents to assure the delivery of medical care to Decedent consistent with the standards of medical care in the State of Tennessee, and have failed and neglected to establish and implement proper training, supervision and monitoring programs designed to assure that Decedent received proper medical care and treatment.

113. Defendants CCS, CCA and Hamilton County are under a constitutional duty to ensure that their jails, prisons, and other correctional facilities, including Silverdale, are operated in a lawful manner, preserving to prisoners the rights, privileges and immunities guaranteed to them by the Tennessee Constitution and the State of Tennessee.

114. Defendants permitted, encouraged, tolerated and/or knowingly acquiesced in an official pattern, policy, custom or practice of Defendants' employees, agents and contractors violating the constitutional rights of inmates, including Decedent. The actions or inactions of

33

Defendants, and other agents, employees and contractors of Hamilton County, CCS and/or CCA complained of herein, were unjustified, unreasonable and unconstitutional, and constituted a violation of Decedent's clearly established rights, privileges and immunities guaranteed by Article 1, §§ 16 & 32 of the Tennessee Constitution which include, but are not limited to, the following:

a) freedom from cruel and unusual punishment;

b) freedom from confinement without the provision for adequate medical care and treatment.

115. Defendants are directly liable for the violation of Decedent's civil rights due to the following policies, practices or customs of defendants which were in effect at the time of this incident and which were the underlying cause of Decedent's injuries, damages, and death:

a)      Defendants Hamilton County, CCS, CCA, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser failed adequately and properly to train and educate their employees, agents and contractors with respect to the proper care and treatment of inmates, responding to medical complaints of inmates, evaluating medical complaints of inmates, seeking emergency medical treatment for inmates, providing treatment for addicts who are sick, recognizing when a drug user requires additional treatment while suffering from withdrawal, all with deliberate and reckless disregard for the welfare of inmates, including Decedent;

b)      Defendants Hamilton County, CCS, CCA, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser failed adequately to monitor, supervise and evaluate the performance of their agents, employees and contractors with respect to the proper care and treatment of inmates, responding to medical complaints of inmates, evaluating medical

34

complaints of inmates, seeking emergency medical treatment for inmates, with deliberate indifference and reckless disregard for the welfare of inmates, including Decedent;

c)      Defendants Hamilton County, CCS, CCA Defendants, Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser failed properly to fund and staff Silverdale Detention Facility to ensure that an appropriate number of licensed, trained and qualified medical professionals are present to provide proper medical treatment to inmates, with deliberate indifference and reckless disregard to the welfare of inmates, including Decedent;

d)      Defendants Hamilton County, CCS, CCA, Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser have a policy, practice or custom of exonerating their employees, agents and/or contractors of wrongdoing and/or misconduct in order to escape liability, and thereby create an atmosphere where illegal and unconstitutional behavior is condoned, tolerated, and/or approved, with deliberate indifference and reckless disregard to the rights of inmates, including Decedent;

e)      Defendants CCS, CCA and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser have established official policies and procedures and allowed customs that result in a delay of timely and needed medical care for inmates with serious medical needs when the need for such medical care conflicts with routine "counts" and security "codes" at Silverdale Detention Facility, with deliberate indifference and reckless disregard to inmates, including Decedent.

116.    In addition, CCS, the CCA Defendants and individual Defendants listed herein intentionally interfered with Deal's treatment once it had been prescribed by Erlanger physicians by providing false information and lying about the possible origin of her medical condition. Further, these same Defendants spread lies and misinformation to other inmates after Silverdale in

35

order to suppress their belief that Silverdale deliberately disregarded Madison Deal's serious medical conditions.

117. Alternatively, Defendants Hamilton County, CCS, CCA, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser are liable for the actions of their employees, agents and contractors by virtue of the fact that they ratified, condoned, and approved the conduct of Defendants and other employees, agents and contractors in this matter in all respects.

118. Alternatively, Defendants Hamilton County, CCS, CCA, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser are liable for the actions of their employees, agents and contractors under the doctrines of agency, vicarious liability, employer-employee relations, master-servant, respondeat superior, joint venture, contract, and as a result of their non-delegable duty to comply with the Constitution and the laws of the United States and the State of Tennessee.

119. Defendants CCA, CCS, Hamilton County, and Defendants Roy, Mall, Huskey, Gill, Kirton, Miles and Van Hooser have maintained and exhibited a pattern, practice, custom, and policy of deliberate indifference to the serious medical needs of inmates, which was the motivating force behind Decedent's deprivation of constitutional rights under the First, Eighth, and Fourteenth Amendments and, accordingly, Plaintiffs are entitled to recover from Defendants on behalf of their deceased daughter, Madison Deal.

## COUNT III—NEGLIGENCE *PER SE*—
## VIOLATIONS OF T.C.A. §§ 41-21-201 & 204

120. Plaintiffs hereby incorporate, in their entirety, paragraphs 1-119 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

121. Tennessee Code Annotated § 41-21-201 states that "[t]he warden is charged with the duty of treating the prisoners with humanity and kindness, and protecting them from harsh and

36

cruel treatment and overwork." (emphasis added). This section creates a duty for these Defendants which they clearly breached. Deal was not treated with humanity and kindness, nor even a degree of human decency, which amounts to harsh and cruel treatment, in direct violation of this statute. Plaintiffs, on Decedent's behalf, submit that Decedent was in the class of persons that this statute was designed to protect.

122. Tennessee Code Annotated § 41-21-204 states, in relevant part, that "[a]ny inmate who is ill shall receive proper medical treatment." (emphasis added). This statute creates a duty for Defendants which they clearly breached. Defendants denied Decedent proper medical treatment in direct violation of this statute. Plaintiffs submit, on Decedent's behalf, that Decedent was in the class of persons that this statute is designed to protect, as Decedent was at all times relevant herein in custody as an inmate at Silverdale.

123. These Defendants, their employees, agents and contractors, by and through their acts and omissions as alleged in this complaint, violated both T.C.A. § 41-21-201 & 204 which constitutes negligence *per se*. These acts and/or omissions directly and proximately caused Madison Deal's injuries, pain and suffering and death. Further, these acts and/or omissions caused the Plaintiffs to suffer their own emotional trauma from the horrific death of their daughter.

124. Plaintiffs assert that each of the Defendants is guilty of negligence *per se* and committed negligent, reckless and wanton acts in direct violation of these statutes. Further, the violation of these statutes proximately caused injuries to Decedent and resulted in her untimely death, and her mother and father, as next of kin and Plaintiff, is entitled to recover for her injuries therefrom, as well as for Plaintiff's own injuries therefrom including loss of filial consortium damages.

125. The actions and omissions of Defendants and other agents, employees and contractors of Defendants set forth herein were committed in the course and scope of their employment by Defendants and constitute maliciousness, recklessness, and intentional misconduct, supporting an award of punitive damages.

## COUNT IV—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

126. Plaintiffs hereby incorporate, in their entirety, paragraphs 1-125 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

127. "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and, if bodily harm to the other results from it, for such bodily harm." Restatement (Second) of Torts, §46(1). "Intentional infliction of emotional distress and outrageous conduct are not two separate torts, but are simply different names for the same cause of action." *Moorhead v. J.C. Penney Co., Inc.*, 555 S.W.2d 713, 717 (Tenn. 1977).

128. "[In Tennessee] there are three (3) essential elements to [such a] cause of action: (1) the conduct complained of must be intentional or reckless; (2) the conduct must be so outrageous that it is not tolerated by civilized society; and (3) the conduct complained of must result in mental injury." *Id.*; *Johnson v. Women's Hospital*, 521 S.W.2d 133, 144 (Tenn. App. 1975).

129. Plaintiffs have suffered severe emotional trauma as a result of Defendants' reckless, intentional and outrageous conduct, which was the proximate cause of the death of Decedent. Plaintiffs aver that the conduct of the Defendants is so outrageous that it is not tolerated by a civilized society. Further, the conduct of the Defendants resulted in both physical and mental

38

injuries to the Plaintiff. Plaintiff submits that Defendants' conduct as alleged herein is so egregious as to constitute intentional infliction of emotional distress.

130. Further, "[t]he tort of outrageous conduct is one in which punitive damages may be allowed." *Johnson*, 521 S.W.2d at 42. Plaintiffs are entitled to punitive damages for Defendants' reckless, intentional and outrageous conduct.

## COUNT V—NEGLIGENCE

131. Plaintiffs hereby incorporate, in their entirety, paragraphs 1-130 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

132. While Plaintiffs have alleged that the acts and omissions set forth herein violated Decedent's constitutional rights, Plaintiffs alternatively plead that the conduct alleged herein constitutes at least negligence under the laws of the State of Tennessee. This claim for negligence does not involve a decision, act or omission based on medical science or specialized training or skill. The acts or omissions complained of herein may be assessed by the trier of fact based on common, everyday experiences. The acts or omissions complained of herein involve custodial neglect and not medical malpractice.

133. Defendants owed a duty to prisoners in their custody to provide custodial care, treatment and services within accepted custodial standards of jails, prisons, and other correctional facilities, including Silverdale Detention Facility. Defendants Hamilton County, CCS, CCA, and the individual Defendants owed a duty to the prisoners in their custody to hire, train, supervise and provide a sufficient number of employees to deliver sufficient custodial care and services to prisoners in a safe and adequate manner at Silverdale Detention Facility.

134. Each of the Defendants breached the duties owed to prisoners in their custody and were negligent in their ordinary care and treatment of Madison Deal, by and through their acts or

39

omissions, which were within the understanding of an ordinary lay person and did not require medical training, assessment or diagnosis including, but not limited to, the following:

a) Failure to provide sufficient numbers of certified nursing assistants or other persons to meet the custodial needs of Decedent;

b) Failure to administer the facility in such a manner as to provide the facility with adequate resources to ensure sufficient nonmedical (CNA) staffing and supplies to care for all prisoners;

c) Failure to provide a sufficient number of non-licensed staff to prevent Decedent's needs from being ignored and to ensure that Decedent's health care plans and/or medical orders could be complied with by such non-licensed staff;

d) Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Decedent received adequate and proper care;

e) Failure to provide adequate training and supervision of nonmedical staff to comply with their duties and the health care plans and/or medical orders of prisoners;

f) Failure by the members of the governing body of Hamilton County, CCS, and/or CCA to comply with and/or discharge their legal and lawful obligations by:

(1) ensuring that the rules and regulations designed to protect the health and safety of prisoners as promulgated by the Tennessee Legislature were consistently complied with on an ongoing basis;

(2) ensuring that the prisoner medical care policies for the facility were consistently in compliance on an ongoing basis; and

(3) responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate prisoner care (nonmedical).

40

g) Failure to provide basic and necessary nonmedical care and supervision during Decedent's incarceration; and

h) Failure to protect Decedent from abuse and neglect during her incarceration.

135. The breach of these duties, both singularly or in combination, directly and proximately caused the Decedent's injuries and damages and death as well as the injuries and filial consortium damages sustained by Lee Ann Deal and Bruce Deal.

136. Decedent's injuries and death were also the result of the administrative decisions of Defendants Hamilton County, CCS, CCA, and the individual Defendants including a failure adequately to train, supervise and staff Silverdale, which breached the duties owed to Madison Bailee Deal thereby directly and proximately causing her damages and death.

137. As a direct and proximate result of the aforementioned negligence, Decedent suffered mental anguish, pain and suffering, and physical injuries and, ultimately, death. Further, Plaintiffs, as parents of Madison Deal, suffered filial consortium damages as a direct and proximate result of the Defendants' negligent acts and/or omissions.

### COUNT VI—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

138. Plaintiffs hereby incorporate, in their entirety, paragraphs 1-137 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

139. In Tennessee, a claim for negligent infliction of emotional distress is analyzed under general principles of negligence and must result in a "serious or severe" emotional injury "where a reasonable person, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case." *Camper v. Minor*, 9 15 S.W.2d 437 (Tenn. 1996).

41

140. Further, "recovery for emotional injuries suffered as a result of injury to a third party must establish that the injury to the third party was, or reasonably was perceived to be, serious or fatal" and "the very nature of the relationship between the plaintiff and the victim ... makes the emotional reaction experienced by the plaintiff so poignant." *Ramsey v. Beavers*, 931 S. W.2d 527 (Tenn. 1996).

141. "When emotional damages are a 'parasitic' consequence of negligent conduct that results in multiple types of damages, there is no need to impose special pleading or proof requirements that apply to 'stand-alone' emotional distress claims." *Estate of Amos v. Vanderbilt University*, 62 S.W.3d 133 (Tenn. 2001).

142. Plaintiffs aver that their emotional injuries result from both the serious mental anguish that Madison Deal, and subsequently her Plaintiff parents, suffered as a result of Defendants' actions and/or omissions during the incarceration of the Decedent, and from the unnecessary and untimely death of their daughter, Decedent, proximately caused by Defendants' gross and wantonly reckless negligence.

143. Plaintiffs and Decedent made repeated and desperate pleas for help and assistance. These pleas were ignored and Decedent ultimately died. As a result, Plaintiffs suffered severe emotional distress as a result of their child's treatment by Defendants and the observation and experience of her child's untimely death. Plaintiff suffered substantial emotional trauma as a result of Defendants' intolerably cruel deliberate indifference and negligence, in addition to the physical and emotional harm suffered by Decedent herself, whose repeated pleas for help went unheeded.

## COUNT VII—WRONGFUL DEATH

144. Plaintiffs hereby incorporate, in their entirety, paragraphs 1-143 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

42

145. Tennessee Code Annotated § 20-5-106 provides in pertinent part that "[t]he right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving ... next of kin; [or] to the person's personal representative."

146. Plaintiff Lee Anne Deal, as both the surviving next of kin and the representative of the estate of Madison Deal, Decedent, is therefore entitled to any and all forms of relief that this honorable Court and/or a jury determine are appropriate.

147. Because Decedent's repeated pleas for help and medical attention were willfully and wantonly ignored by Defendants, resulting in the untimely death of Decedent, Plaintiffs' claims extend to the full value of Decedent's life as though she had lived, including but not limited to the value of the joy of living, enjoying both work and play activities, and the fellowship of her family, friends, and acquaintances.

148. In addition, Plaintiffs aver that they are entitled to punitive damages as a result of the wrongful death of the Decedent, Madison Deal.

### COUNT VIII—PUNITIVE DAMAGES

149. Plaintiffs hereby incorporate, in their entirety, paragraphs 1-148 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

150. The actions and omissions of Defendants, including but not limited to Hamilton County, CCS, CCA and their employees, agents and contractors complained of herein, as well as the individual Defendants were unlawful, shocking to the conscience, and unconstitutional, and performed maliciously, recklessly, fraudulently, sadistically, intentionally, willfully, wantonly, and in such a manner as to entitle Plaintiffs to a substantial award of punitive damages.

43

## COUNT IX—FILIAL CONSORTIUM DAMAGES

151.   Plaintiffs hereby incorporate, in their entirety, paragraphs 1-150 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

152.   As a direct and proximate result of the above violation of the constitutional rights of the Decedent, the negligence, and negligence *per se* acts and omissions set forth above committed by the Defendants which caused the untimely death of Madison Deal, Plaintiffs Lee Ann and Bruce Deal seek filial consortium damages.   Plaintiffs seek those tangible and intangible benefits each family member receives from the continued existence of other family members. Such intangible benefits include love, affection, attention, education, guidance, care, protection, training, companionship and cooperation.

## DAMAGES

153.   Plaintiffs hereby incorporate, in their entirety, paragraphs 1-152 as contained in this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

154.   As a direct and proximate result of the acts and omissions of Defendants, Decedent Madison Deal's constitutional rights were violated and she was injured and died. The injuries and damages for which Plaintiff, on behalf of Decedent as mother and next of kin, seeks compensation from Defendants, both jointly and severally, under both state and federal law, include, but are not limited to, the following:

   a.   Physical pain and suffering;

   b.   Emotional pain and suffering;

   c.   Loss of enjoyment of life;

   d.   The pecuniary value of the life of Madison Deal;

   e.   Fright, shock, anxiety, and humiliation;

44

f. Permanent injuries resulting in the death of Decedent;

g. Loss of consortium and/or filial consortium damages and services of their child, Madison Deal;

h. Punitive damages;

i. Pre- and post-judgment interest;

j. Statutory and discretionary costs;

k. Attorney's fees and both discretionary and non-discretionary costs pursuant to 42 U.S.C. §1988;

l. All such further relief, both general and specific, to which she may be entitled under the premises.

**WHEREFORE PREMISES CONSIDERED,** the Plaintiffs pray for the following:

1. That this Complaint be served on the Defendants and that they be required to file an Answer within the time period prescribed by law;

2. That a jury be empaneled to try the issues herein;

3. That a jury award damages to the Plaintiffs in the amount of ten million dollars ($10,000,000.00);

4. That a jury award punitive damages to the Plaintiffs in the amount of ten million dollars ($10,000,000);

5. That a jury and/or the Court award the Plaintiffs all reasonable costs, both discretionary and non-discretionary, pre-judgment and post-judgment interest and attorney fees;

6. Any further and general relief to which the Plaintiffs are entitled in the premises.

45

Respectfully submitted,

O'NEAL & WALKER

Thomas O'Neal ↳ Permission BWA

Thomas H. O'Neal, BPR# 000514
701 Market Street, Ste. 1600
Chattanooga, TN 37402
Telephone: 423/756-5111
Facsimile: 423/756-7945

DAVIS & HOSS, P.C.

Bryan Hoss, TN BPR #021529
850 Fort Wood Street
Chattanooga, TN 37403
(423) 266-0605
(423) 266-0687—FAX

46

## IN THE CIRCUIT COURT OF HAMILTON COUNTY
## AT CHATTANOOGA, TN

**LEE ANNE DEAL & BRUCE DEAL,**
**et.al.**                                          )
    Plaintiffs,                                      )
                                                     )   **DOCKET NO.** 17 6 5 9 0
v.                                                   )
                                                     )   **DIV.** _____
**CORECIVIC OF TENNESSEE, LLC**                      )
**et.al,**                                           )
    Defendants.                                      )

## SUMMONS

TO DEFENDANT: **HAMILTON COUNTY, TENNESSEE**

WHOSE ADDRESS IS: C/O **COUNTY ATTORNEY'S OFFICE: 625 GEORGIA AVENUE, SUITE 204**
CHATTANOOGA, TN 37402

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 500 HAMILTON COUNTY COURTHOUSE, 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this _12_ day of _____May_____, 2017.

LARRY L. HENRY, CLERK

By: _____
CIRCUIT COURT CLERK

| | |
|---|---|
| **BRYAN H. HOSS** | 021529 |
| Plaintiff Attorney | BPR# |
| **DAVIS & HOSS, PC** | |
| Firm | |
| **850 FORT WOOD STREET, Chattanooga, TN 37403** | |
| Address | |
| **(423) 266-0605** | **(423) 266-0687** |
| Tel. NO. | Fax NO. |

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## tate of Tennessee,
ounty of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within
l foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☑ On, __5/19/17__ , 20 _____ , I delivered a copy of the summons and complaint to the
defendant, __HAMILTON COUNTY c/o PAIGE BROWN__

☐ Failed to serve this summons within 90 days after the issuance because:

_____

**Hamilton County Sheriff**

_J.D. Randles_ 2413

Deputy Sheriff

## CLERK'S RETURN

ereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____ 20 _____ .

Defendant

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

## Notice to Defendant(s)

ннessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a
dgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must
e a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at
iy time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes
ial, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are
itomatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for
iurself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family
ble, and school books. Should any of these items be seized you would have the right to recover them. If you do not
iderstand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.



# IN THE CIRCUIT COURT OF HAMILTON COUNTY
## AT CHATTANOOGA, TN

LEE ANNE DEAL & BRUCE DEAL,
et.al.

    Plaintiffs, )

                              )        DOCKET NO. 17C590

v.                            )

                              )        DIV. _____

CORECIVIC OF TENNESSEE, LLC
et.al,

    Defendants. )

## SUMMONS

TO DEFENDANT: **NEVA HUSKEY**

WHOSE ADDRESS IS: **C/O SILVERDALE DETENTION FACILITY: 7609 STANDIFER GAP ROAD CHATTANOOGA, TN 37421**

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 500 HAMILTON COUNTY COURTHOUSE, 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 12 day of May , 2017.

                              LARRY L. HENRY, CLERK

                              By: _____
                                    CIRCUIT COURT CLERK

| | |
|---|---|
| BRYAN H. HOSS | 021529 |
| Plaintiff Attorney | BPR# |
| DAVIS & HOSS, PC | |
| Firm | |
| 850 FORT WOOD STREET, Chattanooga, TN 37403 | |
| Address | |
| (423) 266-0605 | (423) 266-0687 |
| Tel. NO: | Fax N0. |

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# State of Tennessee,
## County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within and foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☑ On, _____5 - 19_____ , 20 _17_ , I delivered a copy of the summons and complaint to the defendant, __Neva Husky__

☐ Failed to serve this summons within 90 days after the issuance because:

**Hamilton County Sheriff**

__B.Davidson 2276__
Deputy Sheriff

## CLERK'S RETURN

hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____ 20 _____ .

Defendant

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

## Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a. udgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must ile a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at iny time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes inal, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family 3ible, and school books. Should any of these items be seized you would have the right to recover them. If you do not inderstand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## IN THE CIRCUIT COURT OF HAMILTON COUNTY
## AT CHATTANOOGA, TN

LEE ANNE DEAL & BRUCE DEAL,
et.al. )
    Plaintiffs, )
                      )     **DOCKET NO.** 17C 590
v. )
                      )     **DIV.** _____
**CORECIVIC OF TENNESSEE, LLC** )
et,al, )
    Defendants. )

## SUMMONS

TO DEFENDANT: **JASON KIRTON**

WHOSE ADDRESS IS: **C/O SILVERDALE DETENTION FACILITY: 7609 STANDIFER GAP ROAD**
                                         **CHATTANOOGA, TN 37421**

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 500 HAMILTON COUNTY COURTHOUSE, 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this _12_ day of _May_____, 2017.

                           **LARRY L. HENRY, CLERK**

                           **By:** _____
                                     **CIRCUIT COURT CLERK**

| | |
|---|---|
| **BRYAN H. HOSS** | 021529 |
| -Plaintiff-Attorney | BPR# |
| **DAVIS & HOSS, PC** | |
| Firm | |
| 850 FORT WOOD STREET, Chattanooga, TN 37403 | |
| Address | |
| (423) 266-0605 | (423) 266-0687 |
| Tel. N0. | Fax N0. |

### NOTICE TO DEFENDANT(S)

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from executior or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# tate of Tennessee,
ounty of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within
l foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry,** Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☒ On, _____ 5-19 _____ , 20 17 , I delivered a copy of the summons and complaint to the
defendant, __Jason Kirten__

☐ Failed to serve this summons within 90 days after the issuance because:

**Hamilton County Sheriff**

__BDACIDSCN 2276__

Deputy Sheriff

## CLERK'S RETURN

iereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____ 20 _____.

Defendant

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

## Notice to Defendant(s)

:nnessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a
dgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must
e a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at
ıy time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes
ıal, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are
ıtomatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for
ıurself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family
ible, and school books. Should any of these items be seized you would have the right to recover them. If you do not
ıderstand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## IN THE CIRCUIT COURT OF HAMILTON COUNTY
## AT CHATTANOOGA, TN

LEE ANNE DEAL & BRUCE DEAL,
et.al.

  Plaintiffs,

         DOCKET NO. __17 c 590__

v.

         DIV. _____

CORECIVIC OF TENNESSEE, LLC
et.al,

  Defendants.

## SUMMONS

TO DEFENDANT: **ELIZA MALL**

WHOSE ADDRESS IS: **C/O SILVERDALE DETENTION FACILITY: 7609 STANDIFER GAP ROAD
CHATTANOOGA, TN 37421**

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 500 HAMILTON COUNTY COURTHOUSE, 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this __12__ day of _____, 2017.

      LARRY L. HENRY, CLERK

      By: _____
         CIRCUIT COURT CLERK

| | |
|---|---|
| BRYAN H. HOSS | 021529 |
| Plaintiff Attorney | BPR# |
| DAVIS & HOSS, PC | |
| Firm | |
| 850 FORT WOOD STREET, Chattanooga, TN 37403 | |
| Address | |
| (423) 266-0605 | (423) 266-0687 |
| Tel. N0. | Fax N0. |

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## State of Tennessee,
## County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within nd foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

On, ___5-18___, 20 17 , I delivered a copy of the summons and complaint to the defendant, Eliza Mall

☐ Failed to serve this summons within 90 days after the issuance because:

**Hamilton County Sheriff**

B. DAVIDSON 2276

Deputy Sheriff

## CLERK'S RETURN

hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____ 20 _____.

Defendant

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

## Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a udgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must ile a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at iny time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes inal, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## IN THE CIRCUIT COURT OF HAMILTON COUNTY
## AT CHATTANOOGA, TN

LEE ANNE DEAL & BRUCE DEAL, )
et.al. )
    Plaintiffs, )
     ) **DOCKET NO.** 17C590
v. )
     ) **DIV.** _____
**CORECIVIC OF TENNESSEE, LLC** )
et.al, )
    Defendants. )

## SUMMONS

TO DEFENDANT: (FNU) MILES    - Guard @ CCA

WHOSE ADDRESS IS: **C/O SILVERDALE DETENTION FACILITY: 7609 STANDIFER GAP ROAD**
                                              **CHATTANOOGA, TN 37421**

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 500 HAMILTON COUNTY COURTHOUSE, 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this 12 day of May , 2017.

                                  **LARRY L. HENRY, CLERK**

                                    **By:** _____
                                         **CIRCUIT COURT CLERK**

| | | **NOTICE TO DEFENDANT(S)** |
|---|---|---|
| BRYAN H. HOSS | 021529 | Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. |
| Plaintiff Attorney | BPR# | |
| DAVIS & HOSS, PC | | |
| Firm | | |
| 850 FORT WOOD STREET, Chattanooga, TN 37403 | | |
| Address | | |
| (423) 266-0605 | (423) 266-0687 | |
| Tel. NO. | Fax NO. | |

## tate of Tennessee,
ounty of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within l foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☑ On, ____5-22____ , 20 _17_ , I delivered a copy of the summons and complaint to the
defendant, ___(FNU)__Miles_____
Linda Miles

❑ Failed to serve this summons within 90 days after the issuance because: _____

**Hamilton County Sheriff**

B.DAVIDSON 2276p

Deputy Sheriff

## CLERK'S RETURN

ereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of
_____ 20 _____.

Defendant

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

## Notice to Defendant(s)

ennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a dgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must e a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at iy time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes ial, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are itomatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for urself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family ible, and school books. Should any of these items be seized you would have the right to recover them. If you do not iderstand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.



## IN THE CIRCUIT COURT OF HAMILTON COUNTY
## AT CHATTANOOGA, TN

LEE ANNE DEAL & BRUCE DEAL,
et.al.

    Plaintiffs,    )
                  )
                  )    **DOCKET NO.** 17C590
v.                  )
                  )    **DIV.** ____
**CORECIVIC OF TENNESSEE, LLC**  )
et.al,                )
    Defendants.     )

## SUMMONS

TO DEFENDANT: **AMBER ROY**

WHOSE ADDRESS IS: ____ c/o Silverdale Detention Facility: 7609 Standifer Gap Rd Chatt, TN 37421

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 500 HAMILTON COUNTY COURTHOUSE, 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this _12_ day of _____ May _____, 2017.

                           **LARRY L. HENRY, CLERK**

                     **By:** _____

                          **CIRCUIT COURT CLERK**

| | |
|---|---|
| **BRYAN H. HOSS** | 021529 |
| Plaintiff' Attorney | BPR# |
| **DAVIS & HOSS, PC** | |
| Firm | |
| **850 FORT WOOD STREET, Chattanooga, TN 37403** | |
| Address | |
| **(423) 266-0605** | **(423) 266-0687** |
| Tel: NO. | Fax N0. |

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Case 1:17-cv-00162-PLR-CHS   Document 1-1   Filed 06/13/17   Page 57 of 66   PageID #: 62

## tate of Tennessee,
## ounty of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within l foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry,** Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☑ On, ___5/19/17___ , 20 _____ , I delivered a copy of the summons and complaint to the defendant, ___AMBER  ROY___

☐ Failed to serve this summons within 90 days after the issuance because:

**Hamilton County Sheriff**

___D. Rachds  2413___
Deputy Sheriff

## CLERK'S RETURN

ereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of _____ 20 _____.

Defendant

**Larry L. Henry,** Circuit Court Clerk

By _____ D.C.

## Notice to Defendant(s)

:nnessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a dgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must e a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at 1y time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes 1al, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are itomatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for 1urself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family ble, and school books. Should any of these items be seized you would have the right to recover them. If you do not iderstand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.



# IN THE CIRCUIT COURT OF HAMILTON COUNTY
## AT CHATTANOOGA, TN

LEE ANNE DEAL & BRUCE DEAL,
et.al, )
    Plaintiffs, )
)
v. )    DOCKET NO. _17 C 590_
)
)    DIV. _____
CORECIVIC OF TENNESSEE, LLC )
et.al, )
    Defendants. )

## SUMMONS

TO DEFENDANT: (FNU) VAN HOOSER   – Supervisor @ CCA

WHOSE ADDRESS IS: C/O SILVERDALE DETENTION FACILITY: 7609 STANDIFER GAP ROAD, CHATTANOOGA, TN 37421

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 500 HAMILTON COUNTY COURTHOUSE, 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this _12_ day of _May_____, 2017.

        LARRY L. HENRY, CLERK

        By: _____
                CIRCUIT COURT CLERK

| | |
|---|---|
| BRYAN H. HOSS      021529 | |
| Plaintiff Attorney      BPR# | |
| DAVIS & HOSS, PC | |
| Firm | |
| 850 FORT WOOD STREET, Chattanooga, TN 37403 | |
| Address | |
| (423) 266-0605      (423) 266-0687 | |
| Tel. NO.      Fax NO. | |

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# State of Tennessee,
## County of Hamilton

. I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within

1d foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☑ On, _____5-22_____ , 20 _17_ , I delivered a copy of the summons and complaint to the
defendant, __(FNU) Van Hooser__
_____Pagett Van Hooser_____

☐ Failed to serve this summons within 90 days after the issuance because:

_____

**Hamilton County Sheriff**

_____B.Davidson 2276_____
Deputy Sheriff

## CLERK'S RETURN

hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____ 20 _____ .

Defendant

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

## Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a
udgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must
ile a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at
iny time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes
inal, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are
iutomatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for
'ourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family
3ible, and school books. Should any of these items be seized you would have the right to recover them. If you do not
inderstand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## IN THE CIRCUIT COURT OF HAMILTON COUNTY
## AT CHATTANOOGA, TN

LEE ANNE DEAL & BRUCE DEAL,
et.al.

    Plaintiffs,

v.

CORECIVIC OF TENNESSEE, LLC
et.al,

    Defendants.

)
)
)
)
)
)
)
)

DOCKET NO. 17C590

DIV. _____

## SUMMONS

TO DEFENDANT: **PARVEEN GILL**

WHOSE ADDRESS IS: **C/O SILVERDALE DETENTION FACILITY: 7609 STANDIFER GAP ROAD CHATTANOOGA, TN 37421**

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 500 HAMILTON COUNTY COURTHOUSE, 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this _12_ day of _____, 2017.

**LARRY L. HENRY, CLERK**

By: _____
         **CIRCUIT COURT CLERK**

| | |
|---|---|
| **BRYAN H. HOSS** | 021529 |
| Plaintiff Attorney | BPR# |
| DAVIS & HOSS, PC | |
| Firm | |
| 850 FORT WOOD STREET, Chattanooga, TN 37403 | |
| Address | |
| **(423) 266-0605** | **(423) 266-0687** |
| Tel. N0. | Fax N0. |

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# State of Tennessee,
## County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within nd foregoing is a true and correct copy of the original writ of summons issued in this case.

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, _____ , 20 _____ , I delivered a copy of the summons and complaint to the
defendant, _____

☑ Failed to serve this summons within 90 days after the issuance because:
Search made, def does not work at this address. Phone number
that they had for her was no good.

**Hamilton County Sheriff**
5-22-17

B. DAVIDSON 2276
Deputy Sheriff

## CLERK'S RETURN

hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____ 20 _____.

_____
Defendant

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

## Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a udgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must ile a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at ny time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes inal, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family 3ible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

LARRY L. HENRY
CIRCUIT COURT CLERK
500 HAMILTON COUNTY COURTHOUSE
625 GEORGIA AVENUE
CHATTANOOGA, TENNESSEE 37402

— FILE COPY —

TO:   HOSS, BRYAN HENRY
      850 FORTWOOD STREET
      CHATTANOOGA, TN 37403

LEE ANNE DEAL                                    Docket No. 17C590

VS                                               DIVISION IV

CORECIVIC OF TENNESSEE, LLC                      DATE: 05/23/2017

## NOTICE OF NON SERVICE

This serves as notice that the summons in the above styled case was returned "not served". The reason given for failure to obtain service was as follows:

**Not Found : PER SHERIFF OF HAMILTON
COUNTY SEARCH MADE ON DEFT PARVEEN
GILL/SEARCH MADE DEFENDANT GILL DOES
NOT WORK AT THIS ADDRESS/NOT A GOOD
PHONE NUMBER.**

LARRY L. HENRY
CIRCUIT COURT CLERK

By _____ DC

## IN THE CIRCUIT COURT OF HAMILTON COUNTY
## AT CHATTANOOGA, TN

LEE ANNE DEAL & BRUCE DEAL,
et.al.                                    )
    Plaintiffs,                        )
                                       )     **DOCKET NO.** 17 C 590
v.                                        )
                                       )     **DIV.** _____
**CORECIVIC OF TENNESSEE, LLC**           )
et.al,                                    )
    Defendants.                        )

## SUMMONS

TO DEFENDANT: **CORRECT CARE SOLUTIONS, LLC**

WHOSE ADDRESS IS: C/O REGISTERED AGENT:    **CORPORATE CREATIONS NETWORK**
                                                 **205 POWELL PLACE**
                                                 **BRENTWOOD, TN 37027**

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CIRCUIT COURT CLERK, 500 HAMILTON COUNTY COURTHOUSE, 625 GEORGIA AVENUE, CHATTANOOGA, TN 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

**ISSUED & TESTED** this _12_ day of _May_ , 2017.

                                      **LARRY L. HENRY, CLERK**

                              By: _____
                                   **CIRCUIT COURT CLERK**

| | | |
|---|---|---|
| **BRYAN H. HOSS** | **021529** | |
| Plaintiff' Attorney | BPR# | |
| DAVIS & HOSS, PC | | |
| Firm | | |
| 850 FORT WOOD STREET, Chattanooga, TN 37403 | | |
| Address | | |
| **(423) 266-0605** | **(423) 266-0687** | |
| Tel. N0. | Fax N0. | |

**NOTICE TO DEFENDANT(S)**

Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# State of Tennessee,
## County of Hamilton

I, Larry L. Henry, Clerk of the Circuit Court, in and for the State and County aforesaid, hereby certify that the within nd foregoing is a true and correct copy of the original writ of summons issued in this case.

Larry L. Henry, Circuit Court Clerk

By _____ D.C.

## OFFICERS RETURN

I certify that I served this summons together with the complaint as follows:

☐ On, _____, 20 _____, I delivered a copy of the summons and complaint to the
defendant, _____

☐ Failed to serve this summons within 90 days after the issuance because:

_____

**Hamilton County Sheriff**

_____
Deputy Sheriff

## CLERK'S RETURN

hereby acknowledge and accept service of the within summons and receive copy of same, this _____ day of

_____ 20 _____.

_____
Defendant

**Larry L. Henry**, Circuit Court Clerk

By _____ D.C.

## Notice to Defendant(s)

Tennessee law provides a ten thousand ($10,000) personal property exemption from execution or seizure to satisfy a udgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must ile a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at ıny time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes inal, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are ıutomatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for jourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family 3ible, and school books. Should any of these items be seized you would have the right to recover them. If you do not ınderstand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.



# DAVID ON COUNTY
# SHERIFF'S OFFICE

Daron Hall, *Sher*

Civil Warrant Division
710 S. Fifth St.
Nashville, TN 37206



FILED IN OFFICE.
2011 MAY 26 AM 9: 55
LARRY L. HENRY, CLERK
BY 75 DC

Telephone: 615-862-817
Fax: 615-862-828

## NON DAVIDSON COUNTY ADDRESS LETTER

Date: _5/20/17_

**ATTENTION:** _Hamilton Co_

We are sorry but the enclosed paperwork is being returned because the address shown is not in Davidson County.

Please try _Williamson_ County.

If we can be of further assistance please call us at 615/862-8174.

Thank you.

John Taylor
Chief Warrant Officer

By: _____
Deputy Sheriff