# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | | |
|---|---|---|
| **LEE ANNE DEAL and BRUCE DEAL, Individually, and LEE ANNE DEAL, as Administrator of the ESTATE OF MADISON BAILEE DEAL, Deceased,** | ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **v.** | ) ) | **Civil Action Number 1:17-CV-162** |
| | ) | **Judge Pamela L. Reeves** |
| **CORECIVIC OF TENNESSEE, LLC, CORECIVIC, INC., HAMILTON COUNTY, TENNESSEE, CORRECT CARE SOLUTIONS, LLC, PARVEEN GILL, NEVA HUSKEY, JASON KIRTON, ELIZA MALL, LINDA MILES, AMBER ROY, PAGETT VANHOOSER, and JOHN DOES,** | ) ) ) ) ) ) ) ) ) | **Magistrate Judge Christopher H. Steger** **Jury Demand** |
| **Defendants.** | ) ) | |

---

## ANSWER OF DEFENDANTS CORECIVIC OF TENNESSEE, LLC, CORECIVIC, INC., LINDA MILES, AND PAGETT VANHOOSER

---

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants CoreCivic of Tennessee, LLC, CoreCivic, Inc., Linda Miles ("Miles"), and Pagett VanHooser ("VanHooser") answer the allegations of the Amended Complaint filed by Plaintiffs Lee Anne Deal and Bruce Deal, Individually, and Lee Anne Deal, as Administrator of the Estate of Madison Bailee Deal ("Deal"), Deceased, in this action.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
### (Answer to Complaint, Docket Entry 1)

As to each allegation in the Complaint, Defendants respond as follows:

Introduction. Defendants admit that CoreCivic of Tennessee, LLC previously was known as CCA of Tennessee, LLC, that CoreCivic, Inc. previously was known as Corrections Corporation of America, and that Miles and VanHooser were employees of what now is known as CoreCivic of Tennessee, LLC on August 16, 2016.[1] The remaining allegations in the Introduction of the Complaint are not directed at Defendants, and no response is required. Defendants deny all allegations of wrongdoing.

Preliminary Statement. Defendants admit that Deal died on August 18, 2016. Defendants lack knowledge or information sufficient to admit or deny the allegations in the Preliminary Statement of the Complaint regarding the citizenship of Deal, the biological parents of Deal, or the administrator of the Estate of Deal. The allegations in the Preliminary Statement of the Complaint regarding the propriety of Lee Anne Deal and Bruce Deal serving as plaintiffs in this lawsuit and regarding Defendants' status as state actors are legal conclusions to which no response is required. To the extent that the remaining allegations in the Preliminary Statement of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in the Preliminary Statement of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

1-2. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraphs 1 through 2 of the Complaint.

3. Defendants admit that Deal was incarcerated at the Silverdale Detention Facility ("Silverdale") on August 11, 2016, that Silverdale is located at 7609 Standifer Gap Road,

---

[1] Defendants CoreCivic, Inc. and CoreCivic of Tennessee, LLC collectively will be referred to as CoreCivic.

Chattanooga, Tennessee 37422, and that CCA of Tennessee, LLC contracted with Defendant Correct Care Solutions, LLC ("CCS") to provide medical treatment to inmates who are incarcerated at Silverdale. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 3 of the Complaint regarding the circumstances surrounding Deal's incarceration at Silverdale. The Medical Services Agreement between CCA of Tennessee, LLC and CCS speaks for itself, and Defendants deny all allegations in paragraph 3 of the Complaint that are inconsistent with the Medical Services Agreement. The allegations in paragraph 3 of the Complaint regarding the duty of Defendants are legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 3 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 3 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

4.      Defendants admit that Deal died on August 18, 2016, at the Erlanger Medical Center ("Erlanger"). To the extent that the remaining allegations in paragraph 4 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 4 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

5.      Defendants admit that CoreCivic operates Silverdale under contract with Defendant Hamilton County, Tennessee ("Hamilton County"), that CoreCivic provides for the health and safety of the inmates who are incarcerated at Silverdale, that CoreCivic maintains policies and customs for the health and safety of the inmates who are incarcerated at Silverdale, that the corporate headquarters for CoreCivic is located at 10 Burton Hills Boulevard, Nashville, Tennessee 37215, that the registered agent for service of process for CoreCivic is CT

Corporation System, 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929, and that CoreCivic operates detention facilities, jails, and prisons across the country under contract with federal, state, and local governments, among other things. The allegations in paragraph 5 of the Complaint regarding the legal authority of CoreCivic, CoreCivic's status as a state actor, and the duties and responsibilities of CoreCivic are legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 5 of the Complaint and all allegations of wrongdoing.

6. Defendants admit that CoreCivic operates Silverdale and hires employees and contracts with third parties to provide services to inmates who are incarcerated at Silverdale. The allegations in paragraph 6 of the Complaint regarding CoreCivic's status as a state actor, the duties of CoreCivic, whether CoreCivic employees acted in the course and scope of their employment with CoreCivic, and CoreCivic's liability for the conduct of its employees and contractors are legal conclusions to which no response is required. Defendants deny the remaining allegations in paragraph 6 of the Complaint and all allegations of wrongdoing.

7. Defendants admit that CoreCivic operates Silverdale under contract with Hamilton County. The remaining allegations in paragraph 7 of the Complaint are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

8. Defendants admit that CCA of Tennessee, LLC contracted with CCS to provide medical treatment to inmates who are incarcerated at Silverdale. The remaining allegations in paragraph 8 of the Complaint are not directed at Defendants, and no response is required.

9. The allegation in paragraph 9 of the Complaint that Defendant Amber Roy was an agent of CoreCivic is a legal conclusion to which no response is required. The remaining

4

allegations in paragraph 9 of the Complaint are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

10. The allegation in paragraph 10 of the Complaint that Defendant Eliza Mall was an agent of CoreCivic is a legal conclusion to which no response is required. The remaining allegations in paragraph 10 of the Complaint are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

11. The allegation in paragraph 11 of the Complaint that Defendant Neva Huskey was an agent of CoreCivic is a legal conclusion to which no response is required. The remaining allegations in paragraph 11 of the Complaint are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

12. The allegation in paragraph 12 of the Complaint that Defendant Parveen Gill was an agent of CoreCivic is a legal conclusion to which no response is required. The remaining allegations in paragraph 12 of the Complaint are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

13. The allegation in paragraph 13 of the Complaint that Defendant Jason Kirton was an agent of CoreCivic is a legal conclusion to which no response is required. The remaining allegations in paragraph 13 of the Complaint are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

14. Defendants admit that Miles was employed by CoreCivic during the dates of Deal's incarceration at Silverdale. The remaining allegations in paragraph 14 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

15.     Defendants admit that VanHooser was employed by CoreCivic during the dates of Deal's incarceration at Silverdale. The remaining allegations in paragraph 15 of the Complaint are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

16.     Defendants admit that Deal was incarcerated at Silverdale from August 11, 2016 through August 16, 2016, and that Silverdale is located in Hamilton County, Tennessee.

17.     Defendants admit that Deal was incarcerated at Silverdale from August 11, 2016 through August 16, 2016, that Silverdale is located in Hamilton County, Tennessee, and that jurisdiction and venue presently are proper.

18.     No response is required to the allegations in paragraph 18 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

19-22.  Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraphs 19 through 22 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

23.     Defendants admit that Deal was incarcerated at Silverdale on August 11, 2016, and that CoreCivic operates Silverdale under contract with Hamilton County. The Corrections Facilities Agreement between Corrections Corporation of America and Hamilton County speaks for itself, and Defendants deny all allegations in paragraph 23 of the Complaint that are inconsistent with the Corrections Facilities Agreement. Defendants deny the remaining allegations in paragraph 23 of the Complaint and all allegations of wrongdoing.

24.     At this time, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 24 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

25. Defendants admit that Deal was placed in a cell in Receiving and Discharge from August 11, 2016 through August 12, 2016.

26. Defendants admit that Deal was placed in a cell in Receiving and Discharge from August 11, 2016 through August 12, 2016, and that there was a toilet in Deal's cell. At this time, Defendants lack knowledge or information sufficient to admit or deny the allegation in paragraph 26 of the Complaint regarding the precise number of inmates who were housed with Deal in Receiving and Discharge. Any recordings of telephone conversations between Deal and her mother speak for themselves, and Defendants deny all allegations in paragraph 26 of the Complaint that are inconsistent with any such recordings of telephone conversations. Defendants deny the remaining allegations in paragraph 26 of the Complaint and all allegations of wrongdoing.

27. Defendants deny that Deal reported to them that she was cold, sick, or vomiting on August 12, 2016. At this time, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 27 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

28. Any recordings of telephone conversations between Deal and her mother speak for themselves, and Defendants deny all allegations in paragraph 28 of the Complaint that are inconsistent with any such recordings of telephone conversations.

29. At this time, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 29 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

30. Defendants deny that Deal reported to them that she was sick, that she was detoxing, or that she was suffering from cold chills, nausea, or vomiting on August 12, 2016.

The allegations in paragraph 30 of the Complaint regarding a conversation between Deal and a nurse on August 12, 2016, are not directed at Defendants, and no response is required. Defendants deny the remaining allegations in paragraph 30 of the Complaint and all allegations of wrongdoing.

31.     Any recordings of telephone conversations between Deal and her mother speak for themselves, and Defendants deny all allegations in paragraph 31 of the Complaint that are inconsistent with any such recordings of telephone conversations.  Defendants deny the remaining allegations in paragraph 31 of the Complaint and all allegations of wrongdoing.

32.     Defendants admit that Deal was transferred from Receiving and Discharge to Unit Alpha 3 on August 12, 2016.  Defendants deny the remaining allegations in paragraph 32 of the Complaint and all allegations of wrongdoing.

33.     Defendants admit that there are four pods in Unit Alpha, that each pod can contain fifty or more inmates, that the pods contain bunk beds, and that CoreCivic employees monitor the inmates in Unit Alpha.  Defendants deny the remaining allegations in paragraph 33 of the Complaint and all allegations of wrongdoing.

34.     Defendants admit that Deal was involved in an altercation with other inmates on August 12, 2016, that Deal complained of certain injuries following the altercation, and that CoreCivic employees addressed the issue.  At this time, Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 34 of the Complaint.  Defendants deny all allegations of wrongdoing.

35.     The allegations in paragraph 35 of the Complaint are not directed at Defendants, and no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

36.     Defendants deny the allegations in paragraph 36 of the Complaint and all allegations of wrongdoing.

37-38.  To the extent that the allegations in paragraphs 37 through 38 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 37 through 38 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

39-40.  The allegations in paragraphs 39 through 40 of the Complaint are not directed at Defendants, and no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

41.     The allegations in paragraph 41 of the Complaint regarding the medication that was ordered for and administered to Deal on August 14, 2016, are not directed at Defendants, and no response is required.  Defendants deny the remaining allegations in paragraph 41 of the Complaint and all allegations of wrongdoing.

42.     Any recordings of telephone conversations between Deal and her mother speak for themselves, and Defendants deny all allegations in paragraph 42 of the Complaint that are inconsistent with any such recordings of telephone conversations.  Defendants deny the remaining allegations in paragraph 42 of the Complaint and all allegations of wrongdoing.

43.     To the extent that the allegations in paragraph 43 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 43 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

44.     Defendants deny the allegations in paragraph 44 of the Complaint and all allegations of wrongdoing.

45. Any recordings of telephone conversations between Deal and her mother speak for themselves, and Defendants deny all allegations in paragraph 45 of the Complaint that are inconsistent with any such recordings of telephone conversations. At this time, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the Complaint regarding a conversation between Plaintiff Lee Anne Deal and unidentified individuals regarding visitation. Defendants deny the remaining allegations in paragraph 45 of the Complaint and all allegations of wrongdoing.

46. At this time, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 46 of the Complaint regarding Deal receiving a "boat" during her incarceration at Silverdale. Defendants deny the remaining allegations in paragraph 46 of the Complaint and all allegations of wrongdoing.

47. Defendants lack knowledge or information sufficient to admit or deny the allegation in paragraph 47 of the Complaint regarding the description that an unidentified inmate allegedly gave regarding Deal's physical appearance. Defendants deny the remaining allegations in paragraph 47 of the Complaint and all allegations of wrongdoing.

48. Defendants lack knowledge or information sufficient to admit or deny the allegation in paragraph 48 of the Complaint regarding the description that unidentified inmates gave regarding Deal's physical appearance. Defendants deny the remaining allegations in paragraph 48 of the Complaint and all allegations of wrongdoing.

49. The allegations in paragraph 49 of the Complaint are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

50. Any recordings of telephone conversations between Deal and her mother speak for themselves, and Defendants deny all allegations in paragraph 50 of the Complaint that are

inconsistent with any such recordings of telephone conversations. Defendants deny the remaining allegations in paragraph 45 of the Complaint and all allegations of wrongdoing.

51.     The allegations in paragraph 51 of the Complaint regarding a conversation between Deal and a nurse on August 15, 2016, are not directed at Defendants, and no response is required. Defendants deny the remaining allegations in paragraph 51 of the Complaint and all allegations of wrongdoing.

52.     To the extent that the allegations in paragraph 52 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 52 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

53.     The allegations in paragraph 53 of the Complaint are not directed at Defendants, and no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

54.     At this time, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 54 of the Complaint that certain CoreCivic employees, including Miles and VanHooser, conducted an inspection of Unit Alpha 3 on August 16, 2016. The allegations in paragraph 54 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required. Defendants deny the remaining allegations in paragraph 54 of the Complaint and all allegations of wrongdoing.

55-58.  To the extent that the allegations in paragraphs 55 through 58 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraphs 55 through 58 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

59.     Defendants admit that Deal became ill on August 16, 2016, and that Miles responded and called a medical emergency.  Defendants deny the remaining allegations in paragraph 59 of the Complaint and all allegations of wrongdoing.

60-61.  The allegations in paragraphs 60 through 61 of the Complaint are not directed at Defendants, and no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

62.     Defendants deny the allegations in paragraph 62 of the Complaint and all allegations of wrongdoing.

63-68.  To the extent that the allegations in paragraphs 63 through 68 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 63 through 68 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

69.     Defendants admit that there are surveillance cameras located at various points in Silverdale.  Defendants deny the remaining allegations in paragraph 69 of the Complaint.

70.     Defendants admit that counsel for Plaintiffs sent correspondence to CoreCivic on August 24, 2016.  The August 24, 2016 correspondence speaks for itself, and Defendants deny all allegations in paragraph 70 of the Complaint that are inconsistent with the August 24, 2016 correspondence.

71.     Defendants deny the allegations in paragraph 71 of the Complaint and all allegations of wrongdoing.

72.     Defendants admit that Deal was transported to Erlanger and that CoreCivic employees guarded Deal during her hospitalization at Erlanger.

73-74. At this time, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraphs 73 through 74 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

75.     Defendants admit that Deal died on August 18, 2016, at Erlanger.

76.     At this time, Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 76 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

77-78. Defendants deny the allegations in paragraphs 77 through 78 of the Complaint and all allegations of wrongdoing.

79.     The allegations in paragraph 79 of the Complaint regarding Defendants' status as state actors are legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 79 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 79 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

80.     Defendants admit that CoreCivic operates detention facilities, jails, and prisons across the country under contract with federal, state, and local governments, among other things. Defendants deny the remaining allegations in paragraph 80 of the Complaint and all allegations of wrongdoing.

81.     Defendants deny the allegations in paragraph 81 of the Complaint and all allegations of wrongdoing.

82.     No response is required to the allegations in paragraph 82 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

83.     The allegations in paragraph 83 of the Complaint regarding Defendants' status as state actors are legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraph 83 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 83 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

84.     Defendants admit that Deal was incarcerated at Silverdale from August 11, 2016 through August 16, 2016.  The allegations in paragraph 84 of the Complaint regarding Defendants' duties and responsibilities are legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraph 84 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 84 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

85-86. To the extent that the allegations in paragraphs 85 through 86 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 85 through 86 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

87.     Defendants admit that Deal was involved in an altercation with other inmates on August 12, 2016.  To the extent that the remaining allegations in paragraph 87 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 87 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

88.     To the extent that the allegations in paragraph 88 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 88

of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

89-90. The allegations in paragraphs 89 through 90 of the Complaint regarding Defendants' duties are legal conclusions to which no response is required. To the extent that the remaining allegations in paragraphs 89 through 90 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraphs 89 through 90 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

91. To the extent that the allegations in paragraph 91 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 91 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

92. The allegations in paragraph 92 of the Complaint regarding Defendants' duties are legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 92 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 92 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

93-96. To the extent that the allegations in paragraphs 93 through 96 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraphs 93 through 96 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

97-98. The allegations in paragraphs 97 through 98 of the Complaint regarding vicarious liability are legal conclusions to which no response is required. To the extent that the remaining

allegations in paragraphs 97 through 98 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraphs 97 through 98 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

99. To the extent that the allegations in paragraph 99 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 99 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

100. No response is required to the allegations in paragraph 100 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

101. The allegations in paragraph 101 of the Complaint regarding the Tennessee Constitution are legal conclusions to which no response is required. Nevertheless, Defendants deny all allegations of wrongdoing.

102. To the extent that the allegations in paragraph 102 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 102 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

103. The allegations in paragraph 103 of the Complaint regarding Defendants' status as state actors are legal conclusions to which no response is required. To the extent that the remaining allegations in paragraph 103 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 103 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

104.     The allegations in paragraph 104 of the Complaint regarding the Tennessee Constitution are legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

105-106.     To the extent that the allegations in paragraphs 105 through 106 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 105 through 106 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

107.     Defendants admit that Deal was involved in an altercation with other inmates on August 12, 2016.  To the extent that the remaining allegations in paragraph 107 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 107 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

108.     To the extent that the allegations in paragraph 108 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 108 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

109-110.     The allegations in paragraphs 109 through 110 of the Complaint regarding Defendants' duties are legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraphs 109 through 110 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 109 through 110 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

111.     To the extent that the allegations in paragraph 111 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 111 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

112.     The allegations in paragraph 112 of the Complaint regarding Defendants' duties are legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraph 112 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 112 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

113-116.     To the extent that the allegations in paragraphs 113 through 116 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 113 through 116 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

117-118.     The allegations in paragraphs 117 through 118 of the Complaint regarding vicarious liability are legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraphs 117 through 118 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 117 through 118 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

119.     To the extent that the allegations in paragraph 119 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 119 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

120.    No response is required to the allegations in paragraph 120 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

121.    The allegations in paragraph 121 of the Complaint regarding T.C.A. § 41-21-201 are legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraph 121 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 121 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

122.    The allegations in paragraph 122 of the Complaint regarding T.C.A. § 41-21-204 are legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraph 122 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 122 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

123-125.        To the extent that the allegations in paragraphs 123 through 125 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 123 through 125 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

126.    No response is required to the allegations in paragraph 126 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

127-128.        The allegations in paragraphs 127 through 128 of the Complaint are legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

129.    To the extent that the allegations in paragraph 129 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph

129 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

130.    The allegations in paragraph 130 of the Complaint regarding case law are legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraph 130 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 130 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

131.    No response is required to the allegations in paragraph 131 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

132.    To the extent that the allegations in paragraph 132 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 132 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

133.    The allegations in paragraph 133 of the Complaint regarding Defendants' duties are legal conclusions to which no response is required.  To the extent that the remaining allegations in paragraph 133 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph 133 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

134-137.    To the extent that the allegations in paragraphs 134 through 137 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 134 through 137 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

138.     No response is required to the allegations in paragraph 138 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

139-141.     The allegations in paragraphs 139 through 141 of the Complaint are legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

142-143.     To the extent that the allegations in paragraphs 142 through 143 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 142 through 143 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

144.     No response is required to the allegations in paragraph 144 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

145-146.     The allegations in paragraphs 145 through 146 of the Complaint are legal conclusions to which no response is required.  Nevertheless, Defendants deny all allegations of wrongdoing.

147-148.     To the extent that the allegations in paragraphs 147 through 148 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraphs 147 through 148 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

149.     No response is required to the allegations in paragraph 149 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

150.     To the extent that the allegations in paragraph 150 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied.  The allegations in paragraph

150 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

151.    No response is required to the allegations in paragraph 151 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

152.    To the extent that the allegations in paragraph 152 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 152 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

153.    No response is required to the allegations in paragraph 153 of the Complaint. Nevertheless, Defendants deny all allegations of wrongdoing.

154.    To the extent that the allegations in paragraph 154 of the Complaint are directed at Defendants, they and all allegations of wrongdoing are denied. The allegations in paragraph 154 of the Complaint regarding the other Defendants are not directed at these Defendants, and no response is required.

Plaintiffs are not entitled to the damages that they seek.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

Defendants acted at all times relevant to the Complaint in accordance with common law, statutory law, and constitutional obligations without any actual intent to cause Deal harm.

### FOURTH DEFENSE

CoreCivic contracted with CCS to provide medical treatment to inmates at Silverdale and thus is not responsible for any claimed deficiencies in the medical treatment that was provided to Deal.

## FIFTH DEFENSE

All or part of Plaintiffs' claims fail to rise to the level of constitutional violations sufficient to state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983").

## SIXTH DEFENSE

Plaintiffs' claims against Defendants brought pursuant to Section 1983 fail to state a claim upon which relief can be granted because Plaintiffs cannot hold Defendants liable for the alleged constitutional violations of others on a *respondeat-superior* theory of liability.

## SEVENTH DEFENSE

Defendants were not deliberately indifferent.

## EIGHTH DEFENSE

Tennessee does not recognize a private right of action under the Tennessee Constitution.

## NINTH DEFENSE

Tennessee does not recognize a private right of action for alleged violations of T.C.A. § 41-21-201 or T.C.A. § 41-21-204.

## TENTH DEFENSE

Certain of Plaintiffs' claims sound in medical malpractice, and Plaintiffs failed to comply with T.C.A. § 29-26-121 or T.C.A. § 29-26-122.

## ELEVENTH DEFENSE

A negligence *per se* claim cannot co-exist with a medical malpractice claim.

## TWELFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of comparative fault.

## THIRTEENTH DEFENSE

The actions of others, including Deal, constitute the intervening, superseding cause of any and all injuries to Deal.

## FOURTEENTH DEFENSE

Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

Defendants request that the Court dismiss the Complaint with prejudice and tax costs to Plaintiffs.

Defendants demand a jury to try this cause.

Respectfully submitted,

/s/ Erin Palmer Polly
Joseph F. Welborn (#15076)
Erin Palmer Polly (#22221)
Paige Ayres Nutini (#34133)
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South
Nashville, Tennessee 37201
(615) 651-6700

*Counsel for Defendants CoreCivic of Tennessee, LLC, CoreCivic, Inc., Linda Miles, and Pagett VanHooser*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this June 20, 2017, on the following:

Thomas H. O'Neal
O'Neal & Walker
701 Market Street, Suite 1600
Chattanooga, Tennessee 37402

Bryan Hoss
Davis & Hoss, P.C.
850 Fort Wood Street
Chattanooga, Tennessee 37403

Lisa Ramsay Cole
Lewis, Thomason, King, Krieg & Waldrop, P.C.
424 Church Street, Suite 2500
Nashville, Tennessee 37219

R. Dee Hobbs
Assistant County Attorney
625 Georgia Avenue, Suite 204
Chattanooga, Tennessee 37402

/s/ Erin Palmer Polly

37005586v1