UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

| | |
|---|---|
| LEE ANNE DEAL and BRUCE DEAL, individually, and LEE ANNE DEAL, as Administrator of the ESTATE OF MADISON BAILEE DEAL, Deceased, <br><br> Plaintiffs, <br><br> vs. <br><br> CORECIVIC OF TENNESSEE, LLC, CORECIVIC, INC., HAMILTON COUNTY, TENNESSEE, CORRECT CARE SOLUTIONS, LLC, PARVEEN GILL, NEVA HUSKEY, JASON KIRTON, ELIZA MALL, LINDA MILES, AMBER ROY, PAGETT VANHOOSER, and JOHN DOES, <br><br> Defendants. | Case No. 1:17-cv-162 <br> Reeves/Steger <br> Jury Demand |

## ANSWER OF HAMILTON COUNTY, TENNESSEE

Hamilton County answers the Complaint against it as follows:

1. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraphs 1 and 2 of the Complaint, and strict proof is demanded.

2. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraph 3 of the Complaint regarding the details of Ms. Deal's detention, and strict proof is demanded. Hamilton County denies that it was a party to any contract with Correct Care Solutions ("CCS").

3. In response to Paragraph 4 of the Complaint, Hamilton County admits Ms. Deal's date of death, but denies any wrongdoing relative to her death.

4. In response to Paragraph 5 of the Complaint, Hamilton County admits that the Silverdale Detention Facility is operated by CoreCivic pursuant to a contract for its operation. Hamilton County denies any allegations of wrongdoing.

5. No response is required of Hamilton County to Paragraph 6 of the Complaint. To the extent that any response is required of Hamilton County, Hamilton County adopts the response of CoreCivic. (Doc. 8), pursuant to *F.R.Civ.P.* 10(c).

6. In response to Paragraph 7 of the Complaint, Hamilton County admits that it is charged with the responsibility of caring for prisoners at Silverdale; however, it denies any breach of such a duty.

7. No response is required of Hamilton County to Paragraph 8 of the Complaint. To the extent that any response is required of Hamilton County, Hamilton County adopts the response of CoreCivic. (Doc. 8), pursuant to *F.R.Civ.P.* 10(c).

8. In response to Paragraphs 9 through 13 of the Complaint, whether any of the individual Defendant was an agent of Hamilton County is a legal conclusion to which no response is required. No response is required of Hamilton County to allegations directed to the other Defendants. Hamilton County denies any allegations of wrongdoing.

9. No response is required of Hamilton County to Paragraphs 14 and 15 of the Complaint.

10. Hamilton County admits Paragraphs 16 and 17 of the Complaint, but denies any allegations of wrongdoing.

11. No response is required of Hamilton County to Paragraph 18 of the Complaint.

12. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraphs 19 through 21 of the Complaint, and strict proof is demanded.

13. In response to Paragraph 22 of the Complaint, Hamilton County admits that Ms. Deal was booked on August 10, 2016, at approximately 6:58 p.m., transferred to Silverdale at approximately 3:46 a.m. on August 11, 2016, and appears not to have been in possession of any contraband. Hamilton County further avers Ms. Deal did not indicate she was in need of any medical treatment.

14. In response to Paragraph 23 of the Complaint, Hamilton County admits, on information and belief, that the Hamilton County Sheriff's Office transported Ms. Deal to Silverdale, as would have been their normal procedure. As to the remaining assertions contained in Paragraph 23, Hamilton County states that the Agreement speaks for itself and denies any allegations inconsistent with the Agreement.

15. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraphs 24 through 71 of the Complaint, and strict proof is demanded. To the extent these allegations are asserted as to Hamilton County, the County denies any allegations of wrongdoing.

16. In response to Paragraph 72 of the Complaint, Hamilton County admits that Hamilton County EMS transported Ms. Deal from Silverdale to Erlanger Hospital. To the extent that any response is required of Hamilton County to the remaining allegations, Hamilton County adopts the response of CoreCivic pursuant to *F.R.Civ.P.* 10(c). (Doc. 8).

17. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraphs 73 and 74 of the Complaint, and strict proof is demanded. To the extent the allegations are asserted as to Hamilton County, the County denies any allegations of wrongdoing.

18. Hamilton County admits Paragraph 75 of the Complaint.

19. In response to Paragraph 76 of the Complaint, Hamilton County avers that no response is necessary by it, as the autopsy, performed by the Hamilton County Medical Examiner, speaks for itself.

20. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraphs 77 and 78 of the Complaint relative to the actions of fellow detainees or CoreCivic's employees, and strict proof is demanded. The County denies any wrongdoing with respect to such allegations.

21. Hamilton County denies the allegations contained in Paragraph 79 of the Complaint.

22. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraphs 80 and 81 of the Complaint, and strict proof is demanded. It further relies upon the denial of CoreCivic to these allegations in its Answer pursuant to *F.R.Civ.P.* 10(c). (Doc. 8).

23. No response is required of Hamilton County to Paragraph 82 of the Complaint.

24. In response to Paragraphs 83 and 84 of the Complaint, Hamilton County avers that allegations regarding the Defendants' duties and responsibilities are legal conclusions to which no response is required. Hamilton County denies any allegations of wrongdoing.

25. Hamilton County denies Paragraphs 85 through 92 of the Complaint are denied.

26. Hamilton County admits Paragraph 93 of the Complaint, but denies the breach of such duty.

27. In response to Paragraph 94 of the Complaint, Hamilton County avers that the allegations regarding its duties are legal conclusions to which no response is required. Hamilton County denies any allegations of wrongdoing.

28. Hamilton County denies the allegations contained in Paragraphs 95 and 96 of the Complaint.

29. In response to Paragraphs 97 and 98 of the Complaint, Hamilton County avers that allegations regarding liability are legal conclusions to which no response is required. Hamilton County denies any allegations of wrongdoing.

30. Hamilton County denies Paragraph 99 of the Complaint.

31. No response is required of Hamilton County to Paragraph 100 of the Complaint.

32. In response to Paragraph 101 of the Complaint, Hamilton County admits that such language is contained in the Tennessee Constitution, but denies any allegations of wrongdoing.

33. Hamilton County denies the allegations contained in Paragraph 102 of the Complaint.

34. Hamilton County avers that the allegations contained in Paragraphs 103 and 104 of the Complaint are legal conclusions to which no response is required. Hamilton County denies any allegations of wrongdoing.

35. Hamilton County denies the allegations contained in Paragraphs 105 through 112 of the Complaint.

36. Hamilton County admits Paragraph 113 of the Complaint, but denies the breach of such duty.

37. Hamilton County denies the allegations contained in Paragraphs 114 and 115 of the Complaint.

38. No response is required of Hamilton County to Paragraph 116 of the Complaint.

39. Hamilton County avers that the allegations contained in Paragraphs 117 and 118 of the Complaint are legal conclusions regarding vicarious liability to which no response is required, but denies any allegations of wrongdoing.

40. Hamilton County denies Paragraph 119 of the Complaint.

41. No response is required of Hamilton County to Paragraph 120 of the Complaint.

42. Hamilton County avers that the allegations contained in Paragraphs 121 and 122 of the Complaint are legal conclusions to which no response is required; however, it denies any allegations of wrongdoing.

43. Hamilton County denies the allegations contained in Paragraphs 123 through 125 of the complaint.

44. No response is required of Hamilton County to Paragraph 126 of the Complaint.

45. The allegations contained in Paragraphs 127 and 128 are legal conclusions to which no response is required; however, Hamilton County denies any allegations of wrongdoing.

46. Hamilton County denies the allegations contained in Paragraphs 129 and 130 of the Complaint.

47. No response is required of Hamilton County to Paragraph 131 of the Complaint.

48. Hamilton County denies the allegations contained in Paragraph 132 of the Complaint.

49. The allegations contained in Paragraph 133 of the Complaint are legal conclusions to which no response is required; however, Hamilton County denies any allegations of wrongdoing.

50. Hamilton County denies the allegations contained in Paragraphs 134 through 137 of the Complaint.

51. No response is required of Hamilton County to Paragraph 138 of the Complaint.

52. The allegations contained in Paragraphs 139 through 141 of the Complaint are legal conclusions to which no response is required; however, Hamilton County denies any allegations of wrongdoing.

53. Without the aid of discovery, Hamilton County can neither admit nor deny the allegations contained in Paragraphs 142 and 143 of the Complaint, and strict proof is demanded.

54. No response is required of Hamilton County to Paragraph 144 of the Complaint.

55. The allegations contained in Paragraphs 145 and 146 of the Complaint are legal conclusions to which no response is required; however, Hamilton County denies any allegations of wrongdoing.

56. Hamilton County denies Paragraphs 147 and 148 of the Complaint.

57. No response is required of Hamilton County to Paragraph 149 of the Complaint.

58. Hamilton County denies Paragraph 150 of the Complaint.

59. No response is required of Hamilton County to Paragraph 151 of the Complaint.

60. Hamilton County denies Paragraph 152 of the Complaint.

61. No response is required of Hamilton County the Paragraph 153 of the Complaint.

62. Hamilton County denies that the Plaintiffs are entitled to damages as set forth in Paragraph 154 of the Complaint.

63. Any allegation in the Complaint not hereinabove admitted, denied or otherwise controverted is hereby denied.

64. The Complaint fails to state a claim and/or cause of action against these Defendants upon which relief can be granted.

**AFFIRMATIVE DEFENSES**

65. To the extent that any state law claims are alleged in the Complaint, all such claims of the Plaintiffs are governed by the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101, *et seq.*, ("GTLA") and Hamilton County is entitled to all defenses, immunities, and protections of said Act, including, but not limited to, immunity for the exercise or performance or failure to exercise or perform any discretionary duty.

66. Tennessee does not recognize a private right of action under the Tennessee Constitution.

67. Hamilton County cannot be held liable for any damages claimed by the Plaintiff on the grounds that the injury sustained by the Plaintiff was not proximately caused by or directly related to any unconstitutional practice on the part of Hamilton County.

68. The Plaintiffs' claims are barred in whole or in part by the doctrine of comparative fault.

69. Hamilton County states that, relative to the Plaintiffs' claims under the Tennessee Governmental Tort Liability Act, *T.C.A.* § 29-20-101, *et seq.,* a jury trial is not applicable.

70. The Plaintiffs' claims sound in health care liability, and the failure of the Plaintiffs to comply with *T.C.A. §§* 29-26-121 or 29-26-122 bars recovery.

71. The actions of others, including Deal, constitute the intervening, superseding cause of any and all injuries to Deal, including death.

72. Hamilton County's liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

73. Hamilton County is presently without information as to the availability or applicability of any other affirmative defenses, in addition to those plead above, and reserve the right to amend its Answer to plead any affirmative defenses or matters of avoidance.

74. Without conceding any liability, which Hamilton County expressly denies, Hamilton County asserts a set off against the Plaintiffs of $325.75 as determined by the Hamilton County Criminal Court Clerk's Office as of June 30, 2017, for filing fees and daily jail charges incurred by Madison Deal.

Wherefore, having fully answered the Complaint against it, Hamilton County prays that it be dismissed with the costs assessed against the Plaintiffs.

*Signature(s) on the Following Page(s).*

HAMILTON COUNTY ATTORNEY'S OFFICE

By: __s/*R. Dee Hobbs*__
R. Dee Hobbs, BPR No. 10482
*Assistant County Attorney*
625 Georgia Avenue, Suite 204
Chattanooga, TN 37402
Phone/Fax: 423-209-6150/6151

**CERTIFICATE OF SERVICE**

I hereby certify that on June 30, 2017, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

__*s/R. Dee Hobbs*__