## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | |
|---|---|
| **LEE ANNE DEAL & BRUCE DEAL,** ) | |
| **Individually, LEE ANNE DEAL, as administrator** ) | |
| **of the ESTATE OF MADISON BAILEE DEAL,** ) | |
| **deceased,** ) | |
| ) | |
| **Plaintiffs,** ) | **No.: 1:17-cv-00162** |
| ) | |
| **v.** ) | **District Judge Pamela L Reeves** |
| ) | **Magistrate Judge Christopher H** |
| **CORECIVIC OF TENNESSEE, LLC, formerly** ) | **Steger** |
| **known as CCA of Tennessee, LLC, CORECIVIC,** ) | |
| **INC. formerly known as Corrections Corporation** ) | **JURY DEMAND** |
| **Of America, Inc., HAMILTON COUNTY,** ) | |
| **TENNESSEE, CORRECT CARE SOLUTIONS,** ) | |
| **LLC, AMBER ROY, ELIZA MALL, NEVA** ) | |
| **HUSKEY, PARVEEN GILL, JASON KIRTON,** ) | |
| **(FNU) MILES, (FNU) VAN HOOSER, JOHN** ) | |
| **DOE & JANE DOE, individually and as unknown** ) | |
| **male and female agents, staff, guards, nurses** ) | |
| **and/or doctors employed at CCA Silverdale or** ) | |
| **other entity, JOHN DOE CORPORATIONS &** ) | |
| **LLC'S as unknown employers or contractors of** ) | |
| **any JOHN DOES OR JANE DOES,** ) | |
| ) | |
| **Defendants.** ) | |

## ANSWER OF PARVEEN GILL

Comes now the Defendant, Parveen Gill, (hereinafter "Defendant"), by and through

counsel, and for answer to the complaint filed against her herein states as follows:

The first unnumbered paragraph of the Complaint does not require a response from

Defendant.

To the extent that the allegations contained in the unnumbered paragraphs under the

heading "Preliminary Statement" are directed to Defendant, Defendant denies the allegations and

demands strict proof thereof. Defendant further denies that Defendant is liable to Plaintiffs

under any theory of law for any amount sought.

1.      Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint and therefore denies same and demands strict proof thereof.

2.      Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint and therefore denies same and demands strict proof thereof.

3.      Defendant denies the existence of actions and/or omissions which render Defendant liable to Plaintiffs under any theory of law for any amount sought. Defendant admits she had a duty to provide adequate medical care to Decedent and avers she did so. The remaining allegations contained in paragraph 3 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

4.      Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 4 of the Complaint and therefore denies same and demands strict proof thereof.

5.      The allegations contained in paragraph 5 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

6.      The allegations contained in paragraph 6 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

7.      The allegations contained in paragraph 7 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

8.      Defendant admits she was employed by Correct Care Solutions. Defendant denies the existence of actions and/or omissions which render Defendant liable to Plaintiffs under any theory of law for any amount sought. The remaining allegations contained in

paragraph 8 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

9. The allegations contained in paragraph 9 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

10. The allegations contained in paragraph 10 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

11. The allegations contained in paragraph 11 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

12. Defendant admits she was employed by Correct Care Solutions as a registered nurse and provided proper medical care to Decedent. Defendant denies the remaining allegations contained in paragraph 12 of the Complaint.

13. The allegations contained in paragraph 13 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

14. The allegations contained in paragraph 14 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

15. The allegations contained in paragraph 15 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

16. Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint and therefore denies same and demands strict proof thereof.

17. Defendant denies the existence of any events giving rise to meritorious claims by Plaintiffs against Defendant and demands strict proof thereof.

18. Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-17 of Defendant's Answer above.

19.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint and therefore denies same and demands strict proof thereof.

20.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint and therefore denies same and demands strict proof thereof.

21.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint and therefore denies same and demands strict proof thereof.

22.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint and therefore denies same and demands strict proof thereof.

23.     Upon information and belief, Decedent was an inmate at Silverdale and received medical care from Defendant and other employees of Correct Care Solutions.  The remaining allegations contained in paragraph 23 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

24.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 24 of the Complaint and therefore denies same and demands strict proof thereof.

25.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint and therefore denies same and demands strict proof thereof.

26.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 26 of the Complaint and therefore denies same and demands strict proof thereof.

27.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint and therefore denies same and demands strict proof thereof.

28.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint and therefore denies same and demands strict proof thereof.

29.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 29 of the Complaint and therefore denies same and demands strict proof thereof.

30.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 30 of the Complaint and therefore denies same and demands strict proof thereof.

31.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 31 of the Complaint and therefore denies same and demands strict proof thereof.

32.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint and therefore denies same and demands strict proof thereof.

33.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 33 of the Complaint and therefore denies same and demands strict proof thereof.

34.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 34 of the Complaint and therefore denies same and demands strict proof thereof.

35.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint and therefore denies same and demands strict proof thereof.

36.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint and therefore denies same and demands strict proof thereof.

37.     To the extent that the allegations contained in paragraph 37 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.  Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 37 of the Complaint and therefore denies same and demands strict proof thereof.

38.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint and therefore denies same and demands strict proof thereof.

39.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint and therefore denies same and demands strict proof thereof.

40.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 40 of the Complaint and therefore denies same and demands strict proof thereof.

41.     Defendant admits that she administered a Phenergan injection to Decedent on August 14, 2016 at 8:53 p.m.  Defendant is without information sufficient to form a belief as to

the remaining allegations contained in paragraph 41 of the Complaint and therefore denies same and demands strict proof thereof.

42.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint and therefore denies same and demands strict proof thereof.

43.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint and therefore denies same and demands strict proof thereof.

44.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint and therefore denies same and demands strict proof thereof.

45.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 45 of the Complaint and therefore denies same and demands strict proof thereof.

46.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 46 of the Complaint and therefore denies same and demands strict proof thereof.

47.     To the extent that the allegations contained in paragraph 47 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.  Defendant is without information sufficient to form a belief as to the remaining allegations contained in paragraph 47 of the Complaint and therefore denies same and demands strict proof thereof.

48.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 48 of the Complaint and therefore denies same and demands strict proof thereof.

49.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 49 of the Complaint and therefore denies same and demands strict proof thereof.

50.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 50 of the Complaint and therefore denies same and demands strict proof thereof.

51.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 51 of the Complaint and therefore denies same and demands strict proof thereof.

52.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 52 of the Complaint and therefore denies same and demands strict proof thereof.

53.     The allegations contained in paragraph 53 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

54.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 54 of the Complaint and therefore denies same and demands strict proof thereof.

55.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 55 of the Complaint and therefore denies same and demands strict proof thereof.

56.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 56 of the Complaint and therefore denies same and demands strict proof thereof.

57.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 57 of the Complaint and therefore denies same and demands strict proof thereof.

58.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 58 of the Complaint and therefore denies same and demands strict proof thereof.

59.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 59 of the Complaint and therefore denies same and demands strict proof thereof.

60.     The allegations contained in paragraph 60 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

61.     The allegations contained in paragraph 61 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

62.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 62 of the Complaint and therefore denies same and demands strict proof thereof.

63.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 63 of the Complaint and therefore denies same and demands strict proof thereof.

64.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 64 of the Complaint and therefore denies same and demands strict proof thereof.

65.     Defendant is without information sufficient to form a belief as to what the inmates claim but denies the remaining allegations contained in paragraph 65 of the Complaint.

66.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 66 of the Complaint and therefore denies same and demands strict proof thereof.

67.     Defendant denies the allegations contained in paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in paragraph 68 of the Complaint.

69.     Defendant admits the existence of cameras but denies the remaining allegations contained in paragraph 69 of the Complaint.

70.     The allegations contained in paragraph 70 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

71.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 71 of the Complaint and therefore denies same and demands strict proof thereof.

72.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 72 of the Complaint and therefore denies same and demands strict proof thereof.

73.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 73 of the Complaint and therefore denies same and demands strict proof thereof.

74.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 74 of the Complaint and therefore denies same and demands strict proof thereof.

75.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 75 of the Complaint and therefore denies same and demands strict proof thereof.

76.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 76 of the Complaint and therefore denies same and demands strict proof thereof.

77.     Defendant is without information sufficient to form a belief as to the allegations contained in paragraph 77 of the Complaint and therefore denies same and demands strict proof thereof.

78.     To the extent that the allegations contained in paragraph 78 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

79.     Defendant denies the existence of any events giving rise to meritorious claims by Plaintiffs against Defendant and demands strict proof thereof.

80.     The allegations contained in paragraph 80 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein. To the extent that the allegations contained in paragraph 80 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

81.     The allegations contained in paragraph 81 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein. To the extent that the allegations contained in paragraph 81 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

82.     Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-81 of Defendant's Answer above.

83.     Defendant admits that she was employed as a nurse by Correct Care Solutions at Silverdale.  However, Defendant denies the remainder of the allegations contained in paragraph 83 of the Complaint.

84.     Defendant admits she was responsible for providing proper medical care for Decedent on one occasion during the subject incarceration and avers same was provided. The remaining allegations contained in paragraph 84 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

85.     Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.     Defendant denies the allegations contained in paragraph 86 of the Complaint and denies the existence of any events giving rise to meritorious claims by Plaintiffs against Defendant and demands strict proof thereof.

87.     Defendant admits that Decedent complained of vomiting and received medical treatment. Defendant denies the remaining allegations contained in paragraph 87 of the Complaint.

88.     Defendant admits that Decedent was prescribed Phenergan injections for vomiting. Defendant denies the remaining allegations contained in paragraph 88 of the Complaint.

89.     Defendant denies knowledge that Decedent had a serious medical need. Defendant admits that Decedent was entitled to proper medical care and avers that same was provided. Defendant denies the remaining allegations contained in paragraph 89 of the Complaint.

90.     The allegations contained in paragraph 90 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

91.     The allegations contained in paragraph 91 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

92.     The allegations contained in paragraph 92 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

93.     The allegations contained in paragraph 93 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

94.     To the extent that the allegations contained in paragraph 94 of the Complaint, including subparts, are directed at Defendant, the allegations are denied and strict proof thereof demanded.

95.     To the extent that the allegations contained in paragraph 95 of the Complaint, including subparts, are directed at Defendant, the allegations are denied and strict proof thereof demanded.

96.     To the extent that the allegations contained in paragraph 96 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

97.     Defendant denies the allegations contained in paragraph 97 of the Complaint.

98.     Defendant denies the allegations contained in paragraph 98 of the Complaint.

99.     Defendant denies the allegations contained in paragraph 99 of the Complaint.

100.    Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-99 of Defendant's Answer above.

101.    Defendant denies that Plaintiffs are entitled to relief pursuant to the Constitutional provisions listed in paragraph 100 of the Complaint and demands strict proof thereof.

102.    Defendant denies the allegations contained in paragraph 102 of the Complaint.

103.    Defendant admits she was employed as a nurse by Correct Care Solutions at Silverdale.  However, Defendant denies the remaining allegations contained in paragraph 103 of the Complaint.

104.    Defendant denies that Plaintiffs are entitled to relief pursuant to the Constitutional provisions listed in paragraph 104 of the Complaint and demands strict proof thereof.

105. Defendant denies the existence of actions and/or omissions which render Defendant liable to Plaintiffs under any theory of law for any amount sought.

106. Defendant denies the existence of actions and/or omissions which render Defendant liable to Plaintiffs under any theory of law for any amount sought and otherwise denies the remaining allegations contained in paragraph 106 of the Complaint.

107. Defendant admits that Decedent complained of vomiting and received medical treatment. Defendant denies the remaining allegations contained in paragraph 107 of the Complaint.

108. Defendant admits that Decedent was prescribed Phenergan injections for vomiting. Defendant denies the remaining allegations contained in paragraph 108 of the Complaint.

109. Defendant admits she had a duty to provide adequate medical care to Decedent and avers she did so. Defendant denies knowledge that Decedent had a serious medical need.

110. To the extent that the allegations contained in paragraph 110 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

111. To the extent that the allegations contained in paragraph 111 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

112. To the extent that the allegations contained in paragraph 112 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

113. The allegations contained in paragraph 113 of the Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

114. Defendant denies the allegations contained in paragraph 114, including subparts, of the Complaint.

115. To the extent that the allegations contained in paragraph 115, including subparts, of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

116. Defendant denies the allegations contained in paragraph 116 of the Complaint.

117. To the extent that the allegations contained in paragraph 117 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

118. Defendant denies the allegations contained in paragraph 118 of the Complaint.

119. Defendant denies the allegations contained in paragraph 119 of the Complaint.

120. Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-119 of Defendant's Answer above.

121. To the extent that the allegations contained in paragraph 121 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded. Defendant denies the existence of any events giving rise to meritorious claims by Plaintiffs against Defendant and demands strict proof thereof.

122. Paragraph 122 of the Complaint contains statements of legal conclusions, requiring no response of Defendant. To the extent that the allegations contained in paragraph 121 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded. Defendant denies the existence of any events giving rise to meritorious claims by Plaintiffs against Defendant and demands strict proof thereof.

123. Defendant denies the allegations contained in paragraph 123 of the Complaint.

124. Defendant denies the allegations contained in paragraph 124 of the Complaint.

125. Defendant denies the existence of actions and/or omissions which render Defendant liable to Plaintiffs under any theory of law for any amount sought. To the extent that

the allegations contained in paragraph 125 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

126.  Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-125 of Defendant's Answer above.

127.  Paragraph 127 of the Complaint contains statements of legal conclusions, requiring no response of Defendant.

128.  Paragraph 128 of the Complaint contains statements of legal conclusions, requiring no response of Defendant.

129.  Defendant denies the allegations contained in paragraph 129 of the Complaint.

130.  Paragraph 130 of the Complaint contains statements of legal conclusions, requiring no response of Defendant.  Defendant denies the existence of any events giving rise to meritorious claims by Plaintiffs against Defendant and demands strict proof thereof.

131.  Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-130 of Defendant's Answer above.

132.  The first sentence of paragraph 132 of the Complaint does not require a response from Defendant; however, Defendant denies any negligent conduct on her part.  Defendant denies the remaining allegations contained in paragraph 132 of the Complaint.

133.  Defendant admits a duty to provide proper medical care to Decedent and avers same was provided.  The remaining allegations contained in paragraph 133 of the Complaint are directed to other defendants and require no response from Defendant.

134.  Defendant denies that Plaintiffs' allegations of negligence are within the understanding of an ordinary lay person and did not require medical training, assessment or diagnosis.  The remaining allegations contained in paragraph 134, including subparts, of the

Complaint are not directed to Defendant, and therefore Defendant neither admits nor denies the allegations contained therein.

135. Defendant denies the allegations contained in paragraph 135 of the Complaint.

136. Defendant denies the allegations contained in paragraph 136 of the Complaint.

137. Defendant denies the allegations contained in paragraph 137 of the Complaint.

138. Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-137 of Defendant's Answer above.

139. Paragraph 139 of the Complaint contains statements of legal conclusions, requiring no response of Defendant.

140. Paragraph 140 of the Complaint contains statements of legal conclusions, requiring no response of Defendant.

141. Paragraph 141 of the Complaint contains statements of legal conclusions, requiring no response of Defendant.

142. Defendant denies the allegations contained in paragraph 142 of the Complaint.

143. To the extent that the allegations contained in paragraph 143 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

144. Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-143 of Defendant's Answer above.

145. Paragraph 145 of the Complaint contains statements of legal conclusions, requiring no response of Defendant.

146. Defendant denies that Plaintiff is entitled to any relief against Defendant.

147. Defendant denies the allegations contained in paragraph 147 of the Complaint.

148. Defendant denies the allegations contained in paragraph 148 of the Complaint.

149.    Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-148 of Defendant's Answer above.

150.    Defendant denies the existence of actions and/or omissions which render Defendant liable to Plaintiffs under any theory of law for any amount sought.  Defendant denies the remaining allegations contained in paragraph 150 of the Complaint.

151.    Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-150 of Defendant's Answer above.

152.    Defendant denies that Plaintiffs are entitled to recovery of any kind against Defendant.  To the extent that the allegations contained in paragraph 152 of the Complaint are directed at Defendant, the allegations are denied and strict proof thereof demanded.

153.    Defendant incorporates by reference herein Defendant's responses set forth in paragraphs 1-152 of Defendant's Answer above.

154.    Defendant denies the first sentence of paragraph 154 of the Complaint. Defendant denies that Plaintiffs are entitled to recovery of any kind against Defendant.

155.    All allegations in Plaintiffs' Complaint not heretofore expressly admitted, denied, or explained are herein fully and specifically denied as if stated in specific reference to each allegation.

156.    Defendant affirmatively asserts that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

157.    Defendant affirmatively asserts that, if proven applicable through investigation and discovery, Plaintiffs' damages, if any, are the result of the actions and/or inactions of third persons, entities, or parties over which Defendant had no control, nor right of control, and for which she is not liable.  Under the doctrine of comparative fault, those individuals are to be assigned their respective percentages of fault.  Further, Defendant reserves the right to amend

this portion of this Answer to add other individuals discovered through proper investigation and diligent discovery in this case.

158.    Defendant's investigation into this matter is ongoing, and she is without sufficient information at this time regarding the assertion of any cross-claims, counter-claims and/or third-party claims against any other parties, and she specifically reserves the right to amend this Answer to include such cross-claims, counter-claims and/or third-party claims as appropriate as investigation and discovery in this matter continue.

159.    Defendant affirmatively asserts that, if proven applicable through investigation and discovery, the applicable statute of limitations bars Plaintiffs' Complaint.  Furthermore, to the extent facts are developed that justify reliance thereon, Defendant pleads and relies upon the defenses of assumption of the risk, independent, intervening, and superseding causes.  Defendant specifically denies that any act or omission on her part or on the part of any agent of Defendant, was the proximate cause of the alleged injuries.

160.    Plaintiffs have not alleged any conduct on the part of Defendant that rises to the level of a constitutional violation or a violation of Decedent's civil rights.

161.    Defendant denies that she breached a duty of care or committed any act or omission that caused Decedent's alleged injuries.  Defendant denies that any act or omission on her part could be considered the proximate cause of Decedent's alleged injuries or deliberate indifference to Decedent's medical needs.

162.    Any allegations set forth in Plaintiffs' Complaint, if any, that Defendant violated Decedent's 14th Amendment Equal Protection Rights should be dismissed in that Plaintiffs have not set forth facts indicating selective treatment as compared to others similarly situated based upon impermissible considerations such as race, religion, intent to inhibit or punish the exercise

of constitutional rights, or malicious or bad faith intent to injure a person. As a matter of law, inmates are not a protective class for Equal Protection purposes.

163. Any allegations of a violation of Decedent's 14th Amendment rights, if any, should be dismissed since no facts have been alleged to identify any procedures or care to which Decedent was entitled and did not receive, and that Decedent was afforded a "special relationship" with Defendant so as to invoke substantive Due Process protections.

164. The Complaint fails to plead an affirmative act by Defendant which either created or increased a risk to which Decedent would be exposed and fails to assert facts indicating a deliberate indifference by Defendant as a matter of law in order to succeed on a Due Process Equal Protection claim.

165. Plaintiffs have not identified or alleged any specific policy that was violated, to the extent one exists, and as such has failed to properly state a claim under 42 U.S.C. § 1983 or otherwise.

166. Plaintiffs have failed to exhaust their administrative remedies prior to filing suit as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997(e)(a). As such, Plaintiffs' Complaint should be dismissed.

167. Plaintiffs have not established a serious medical need. Even if they have, Defendant affirmatively asserts that she did not act with deliberate indifference to Decedent's serious medical needs.

169. Defendant affirmatively asserts that even if Plaintiffs' allegations are proven to be true, the allegations amount to mere negligence.

170. Defendant affirmatively asserts that Plaintiffs can show no detrimental effect upon Decedent's health from the acts complained of.

171.     Defendant affirmatively asserts that Plaintiffs cannot establish that Decedent was deprived of a federal or state right.

172.     Defendant states that she maintained the standard of care commensurate with that ordinarily maintained in the community relative to the type of service rendered to Decedent.

173.     Defendant affirmatively asserts that any procedures she carried out, if any, with regard to Decedent's care were performed to the requisite standard of acceptable professional practice.  Moreover, even if it should be shown that any such procedures were not performed in accordance with the standard of acceptable professional practice, Defendant asserts that any such noncompliance on her respective part, which such noncompliance is specifically denied, did not proximately cause or contribute to the injuries or damages alleged herein.

174.     To the extent applicable, Defendant affirmatively asserts that Plaintiffs have failed to provide written notice of their potential claim to each named Defendant and failed to provide a HIPAA compliant medical authorization as required by Tenn. Code Ann. § 29-26-121. As a result thereof, any allegations of medical malpractice are statutorily barred by Tenn. Code Ann. § 29-26-121.

175.     Defendant affirmatively asserts that Plaintiffs have failed to file a Certificate of Good Faith along with the Complaint as required by Tenn. Code Ann. § 29-26-122.  As a result thereof, Plaintiffs' Complaint insofar as it alleges medical malpractice, should be dismissed pursuant to Tenn. Code Ann. § 29-26-122.

176.     Defendant avers that the involvement by Defendant in the care alleged, if at all, was performed in accordance with that degree of skill, learning, and experience ordinarily used, possessed, and practiced by other institutions or healthcare professionals for individuals in this and similar communities; that the accepted and proper methods were used; that Defendant is guilty of no negligence, carelessness, act, omission, or medical malpractice; and that the care and

treatment delivered to Decedent by Defendant was at all material times hereto in accordance with the regional requirements of good care and practice and in accordance with a generally accepted standard of care in this and similar communities.

177.     Defendant states that the matters complained of in Plaintiffs' Complaint resulted from some independent cause or phenomenon and did not arise from or as a result of any act or omission constituting negligence on behalf of Defendant.

178.     Defendant denies that Plaintiffs are entitled to recover compensatory damages or other relief under theories alleged or any other theories as to Defendant.

179.     Defendant specifically denies that Plaintiffs sustained any injuries or damages whatsoever as a result of the alleged negligence, acts, omissions, and/or malpractice on the part of Defendant and/or her agents or servants.

180.     Defendant avers that the involvement by Defendant in the care alleged, if at all, was performed in accordance with that degree of skill, learning, and experience ordinarily used, possessed, and practiced by other institutions or healthcare professionals for individuals in this and similar communities; that the accepted and proper methods were used; that Defendant is guilty of no negligence, carelessness, act, omission, or medical malpractice; and that the care and treatment delivered to Decedent by Defendant was at all material times hereto in accordance with the regional requirements of good care and practice and in accordance with a generally accepted standard of care in this and similar communities.

181.     Defendant relies upon the doctrine of modified comparative fault and avers that to the extent the proof in this cause establishes that Decedent was negligent relative to this claim and that such conduct caused or contributed to the injury that is the subject of this action, then the fault of Decedent must be taken into account by the jury and any award which Plaintiffs

might otherwise be entitled to against Defendant must be proportionally reduced under the doctrine of modified comparative fault.

182. To the extent Plaintiffs are asserting a claim for medical malpractice, this court lacks jurisdiction over such a claim. *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586, 590 (6th Cir. Tenn. 2002).

183. To the extent Plaintiffs are asserting racial discrimination or religious discrimination under Section 1983, Plaintiffs' Complaint fails to state a claim.

184. Defendant demands a jury of the maximum number allowable to try all issues in this cause of action.

185. All allegations directed towards Defendant not heretofore expressly admitted, denied, or explained are herein fully and specifically denied as if stated in specific reference to each allegation.

186. In the alternative, Defendant asserts the doctrine of qualified immunity.

WHEREFORE, Defendant denies that she is liable to the Plaintiffs in the amount sued for or any amount, prays to be dismissed herewith with her costs and demands a jury of twelve persons to try this cause.

Respectfully submitted,

LEWIS, THOMASON, KING, KRIEG
& WALDROP, P.C.


By: ___/s/ Susan West Carey_____
    Lisa Ramsay Cole (BPR No. 16262)
    lcole@lewisthomason.com
    Susan West Carey (BPR No. 013996)
    scarey@lewisthomason.com
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN  37219
    (615) 259-1366

    Mary Ann Stackhouse (BPR #017210)
    One Centre Square, Fifth Floor
    620 Market Street
    Post Office Box 2425
    Knoxville, Tennessee 37901
    Tel. 865-546-4646
    Fax. 865-523-6529
    mstackhouse@lewisthomason.com


    *Attorneys for Defendants Parveen Gill, Amber*
    *Roy, Jason Kirton, Neva Huskey, and Eliza Mall*

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that on this the 14th day of August, 2017, a copy of the foregoing <u>Answer of Parveen Gill</u> was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

     Bryan Hoss, Esq.
     Davis & Hoss, P.C.
     850 Fort Woods Street
     Chattanooga, TN  37403;

     Thomas H. O'Neal, Esq.
     O'Neal, Walker & Boehm
     1600 First Tennessee Building
     701 Market Street
     Chattanooga, TN  37402
     Attorneys for Plaintiffs

     Erin Palmer Polly, Esq.
     Butler Snow LLP,
     The Pinnacle at Symphony Place
     150 Third Ave., S., Nashville, TN  37201
     Attorneys for CoreCivic

        <u>/s/ Susan West Carey</u>
         Susan West Carey